## J. W. ELLIS & CO. *v.* L. GOODNOW, JOHN M. ELKINS, *Trustee.*

### *Trustee Process. Evidence.*

Money held as security for becoming bail, does not depend on such a contingency as is within the meaning of the 6th section of chapter 34 of the General Statutes, and is not exempt from trustee process. The trustee, when discharged as bail, becomes accountable, under the trustee process, for said money, with the right only of retaining so much of it as is necessary to make good the indemnity for which he had received and was holding it.

No agreement or arrangement between the debtor and trustee, after service of the trustee process, could change the relation in which they then stood as to this money, so as to affect the plaintiff's right under his attachment.

Evidence tending to prove previous acts, declarations and agreements of the trustee with the plaintiff, were admissible to show the condition on which the trustee received the money, and as tending to prove a state of facts that would estop him from setting up a claim to the money after he was discharged as bail as against the plaintiff.

TRUSTEE PROCESS. The commissioner appointed to take the disclosure reported as follows, viz :

"That in the fall of 1863 the principal debtor was required to furnish bail in the sum of $150. for his appearance to the Washington county court to answer to the crime of procuring enlistments of soldiers in Vermont for the United States army contrary to the statutes of Vermont, and that he applied to the trustee and requested him to become his bail, and that said principal debtor put into the trustee's hands the sum of ninety-five dollars, as stated in the trustee's disclosure, and, thereupon, the said trustee became surety for the appearance of said principal debtor, in due form of law ; that soon after the said trustee became bail, as aforesaid, he called at the plaintiff's store and inquired if the principal debtor was owing them, and was informed by the plaintiff that he was, and told what the amount of their debt was against him. He then informed the plaintiffs that he had this amount of money put into his hands by Goodnow, as security for being his bail, and that he did not think they could convict him of the crime charged against him, and, if not, there would be some money for some one in his hands, and that he, the trustee, would prefer that his friends should have it, rather than pay it back to the principal debtor. And he told the plaintiffs if he could get discharged as bail he would settle and pay the plaintiffs' claim at any time after he was holden as trustee. The plaintiffs, immediately after this conversation, brought this suit. After the suit was commenced, and before the time set for trial before the magistrate, the trustee and the plaintiff, Ellis, had another conversation, in which it was agreed between the plaintiff, Ellis, and the trustee that the

trustee should suffer a judgment to be rendered against him by the magistrate by default, and that the plaintiffs were not to call on the trustee for payment of the amount of said judgment unless said trustee was discharged as bail for the appearance of said Goodnow. And in consideration of this arrangement the plaintiffs were to take hold and do what they could to get the trustee discharged as bail, and did confer with the state's attorney, and offered to produce the principal debtor in court to take a trial on the indictment which was found against him by the grand jury. The state's attorney informed the plaintiffs that he would investigate the matter and let them know, if he concluded to try the criminal case, and if he thought he could not convict the said Goodnow, he would enter a *nolle prosequi.* The criminal prosecution remained pending in court until the September Term, 1865, at which term the state's attorney entered a *nolle prosequi*, and the trustee was discharged as bail in this manner. The time set for trial in this suit was the 18th day of January, 1864, and on that day the plaintiffs obtained a judgment against the principal debtor, Goodnow, by default, for the sum of $32.48 damages and $2.90 costs of suit, and the said trustee was also defaulted, and a judgment made up against him for the same amount, and the plaintiffs supposed that this was in pursuance of the agreement between them and Elkins, and that they were not to call on Elkins until he was discharged as bail, as before stated. But your commissioner further finds that, before the day set for trial by the magistrate in this suit, the trustee took counsel of Wing, Lund & Taylor, attorneys at law, and informed them how he was situated in relation to the transaction, and they advised him to appear and have a trial before the magistrate, and the trustee intended to do so, but the magistrate had appeared and rendered his judgment and left the place before the trustee appeared. The trustee then brought a petition to the county court to be allowed an appeal and new trial, and the county court did allow said appeal and new trial. Elkins did not inform the plaintiffs, or their counsel, that he intended to appear and question, or contest, his liability as trustee before the magistrate, until after the judgment was rendered. Elkins never objected to being holden to the plaintiffs for their debt until he was discharged as bail, and did not bring his petition to this court until after that time.

"I further find that the trustee still has the money in his hands and is liable to account to no one for any part of the same, except to Goodnow, and the liens created by the trustee process in this case, and one other trustee suit in favor of D. Dewey for some $12.00.

"I further find that the ninety-five dollars was placed in the hands of the trustee by Goodnow, as security for the trustees becoming bail for him, and that the trustee's conduct since he received the money, and his declarations and acts up to the time he was discharged as bail, are entirely inconsistent with the statement in his disclosure, that he was to have the hundred dollars for becoming his bail, and

for his trouble and expenses, and I, therefore, find that the trustee has the sum of ninety-five dollars in his hands which he received of the principal debtor, as before stated, and that he has never paid any portion of the same to the principal debtor, and that he became liable to account to said principal debtor for the same after he was discharged as his bail.

" The counsel for the trustee objected to evidence, tending to prove the acts and declarations and agreements made between the plaintiffs and the trustee at the plaintiffs' store and other places, as irrelevant and immaterial, but your commissioner admitted the evidence to contradict the statements contained in the trustee's disclosure, and to show the conditions on which the said trustee received the money from Goodnow, and as tending to prove a state of facts which would estop the trustee from setting up any claim to the funds after he was discharged as bail, as against the plaintiffs.

" The trustee's counsel claimed that the trustee's liability was subject to such a contingency at the time of the service of the writ upon him, that he could not be adjudged trustee under our statute, and, upon this question, your commissioner has much doubt, but decides that the contingency in this case is not of that nature as to exempt the money from the trustee process. The trustee offered the discharge of Goodnow, hereunto attached and marked ' O,' to show that at the time of his disclosure, and at the date of said discharge, he was not liable to account to said Goodnow, and that he claimed nothing of said trustee, but your commissioner decided that this discharge could not affect the rights of the plaintiffs, whose action was commenced long prior to this discharge. From the foregoing facts your commissioner decides and adjudges the trustee liable. All of which is respectfully submitted.

" W. G. FERRIN, *Commissioner.*"

### COPY OF PAPER " O."

"HOOKSETT, October 4th, 1865.

" *Friend Elkins—Dear Sir :* I received a letter from my counsel at Montpelier, saying there was no indictment found against me by the grand jury at your term of court, for which you were bound for my appearance, so that the money in your hands belongs to you according to agreement; if there is not enough to satisfy you for your trouble please write me.

" Yours truly, L. GOODNOW."

The county court, at the March Term, 1867, PECK, J., presiding, on the facts found by the commissioner, decided that the trustee was chargeable, and rendered judgment accordingly,—to which the trustee excepted.

*Wing & Lund*, for the trustee.

*Redfield & Gleason*, for the plaintiffs.

The opinion of the court was delivered by

BARRETT, J.   The point put by counsel for the trustee, as the only question that can be of any moment, seems to us to be well stated by him, viz : " Was the ninety-five dollars in the hands of the trustee depending on a contingency, within the meaning of the 6th section of chapter 34 of the General Statutes?"   If it was, then this process cannot be maintained against him.   If it was not, then it is virtually conceded that the judgment of the county court is right. The first division of said 6th section is in the nature of a provisional exception to the 2d section, taking out from its operation what is embraced within its terms, and for which otherwise the trustee process might be used, viz : debts not absolutely due, and depending on a contingency at the time of the service of the process.   This provision contemplates the relation of debtor and creditor, and not the fiduciary relation created by a deposit, pledge or bailment.   The statute uses the terms " *goods, effects* or *credits* of the principal defendant."   The first two seem to contemplate and embrace property in the trustee's hands which is owned by the debtor.   The term *credits* seems to contemplate debts owing by the trustee to the debtor. It is this last subject-matter of the trustee process to which the first division of said 6th section applies.   The relation of the trustee to the debtor in this case, by virtue of the money in the trustees hands, does not fall within that provision.   The money, at the time of the service of the process, was the property of the debtor deposited in the trustee's hands,   It was *effects* of the debtor held by the trustee as security against a pending liability.   The trustee was a bailee or depositary coupled with an interest, and, at all times, as such, was accountable to the owner of the money, or to those who might stand in his right.   After the process had been served it was not in the power of the debtor and trustee to change the character of the relation by any understanding or agreement, so as to affect the right of any creditor that had attached to the effects of the debtor in the

hands of the trustee in virtue of the relation as it existed at the time of such service. The letter of the debtor to the trustee of October 4th, 1865, is, therefore, nugatory for any purpose of vesting the absolute ownership of the money in the trustee as against the trustee process of the plaintiffs. Aside from this there is nothing found by the commissioner tending to show that the trustee at any time held the money in any other character than that of bailee or depositary for his indemnity as bail of the debtor; and when he was discharged from all liability as such, he then became accountable under the trustee process for said money, with the right only of retaining so much of it as was necessary to make good the indemnity, for which he had received and was holding it. As the amount of it far exceeded the plaintiffs' judgment, and no showing being made of any damnification of the trustee as bail for the debtor, and it appearing that he was discharged as bail at the September Term, 1865, of the county court, it seems clear that the trustee was properly held chargeable by the county court. Very proper ideas appertaining to this subject are well presented by Judge BENNETT in *Downer* v. *Curtis & Trs.*, 25 Vt. 650; see also *Hurlbut* v. *Hicks et. al. & Trs.*, 17 Vt. 193.

We think the commissioner properly received and properly used the evidence that was objected to.

The judgment is affirmed, with costs, against the trustee in this court.