JACOB ROBINSON, APPELLANT, *v.* LLOYD TEVIS, RESPONDENT.

ATTACHMENT OF PARTNERSHIP PROPERTY FOR THE DEBT OF ONE OF THE PARTNERS.—Certain notes, from third person, but for a larger amount, were held by the garnishee, as collateral, to secure a debt due to him by the partnership, at the time of the levy of an attachment by a creditor of one of the partners. After the garnishment the garnishee accepted an assignment by the partnership of the notes held by him as security, in trust for himself and other persons who were creditors of the firm prior to the attachment. The garnishee collected the notes and applied the proceeds to the payment of the creditors in whose favor the trust was created, and in so doing exhausted the whole amount of funds collected on the notes. *Held*, that the creditor of the individual partner obtained no lien by his attachment.

PARTNERSHIP PROPERTY SUBJECT TO EXECUTION AND SALE FOR THE INDIVIDUAL DEBT OF A PARTNER.—Partnership property can be seized under an execution against one of the partners, for his individual debt, and sold; but the interest which passes by the sale is only the interest of the debtor partner in the residuum of the partnership property, after the settlement of the partnership debts.

*Per* CROCKETT, J., dissenting:

LIABILITY OF A PARTNERSHIP DEBTOR UNDER AN ATTACHMENT PROCESS FOR DEBT
OF INDIVIDUAL PARTNER.—To justify a garnishee in the attachment suit for the
debt of a partner, in paying any debts, due by him to the partnership, to the
creditors of the partnership, after the notice of the garnishment, the burden of
proof is on him to show that the partnership debts would exhaust the entire
amount of partnership property and assets.

*Per* SAWYER, C. J.:

IDEM.—To enable the plaintiff in the attachment to recover, the burden is on him
to show that there would be a surplus of funds after the payment of all the part-
nership debts.

APPEAL from the District Court of the Fifteenth District,
City and County of San Francisco.

The case is stated in the opinion.

*Jarboe & Harrison*, for Appellant.

*Cobb & Tevis* and *J. B. Haggin*, for Respondent.

SANDERSON, J., delivered the opinion of the Court:

This is an action by an attaching creditor against a gar-
nishee founded upon the one hundred and twenty-seventh
section of the Practice Act.

From the facts, as agreed upon by counsel, it appears
that the plaintiff, on the 31st of December, 1866, commenced
an attachment suit against one J. R. Hardenbergh, and gar-
nisheed the defendant by serving upon him a copy of the
attachment, and notifying him in writing that any debts due
from him to Hardenbergh, and any credits or other personal
property in his hands belonging to Hardenbergh, were
attached at the suit of plaintiff. That at the time the attach-
ment was served upon the defendant, he was the creditor of
a copartnership concern, composed of said Hardenbergh and
one Dyer, to a large amount, and held, as collateral security,
notes to a much larger amount due to the firm from Pearson
& Getchell. That after the garnishment, the defendant
accepted an assignment, by Hardenbergh & Dyer, of the
notes held by him as security, in trust for himself and cer-
tain other creditors of the firm of Hardenbergh & Dyer,

with the knowledge and consent of said creditors. That said other creditors were creditors of the firm prior to the service of the attachment upon the defendant. That by the terms of the trust, the defendant was to collect the notes at maturity, and, after paying himself, apply the remainder of the funds in payment of the other creditors of the firm, for whose benefit the trust was declared. That the defendant performed the trust, notwithstanding the garnishment, and in doing so, exhausted all the funds which he had collected upon the notes. That the funds received by the defendant from the notes were more than sufficient to pay him his claim against Hardenbergh & Dyer and the claim of the plaintiff against Hardenbergh. That in due time the plaintiff obtained a judgment in his attachment suit against Hardenbergh.

The statute under which this action has been brought provides that, upon service of the attachment, a garnishee shall be liable to the plaintiff in the attachment for such debts as may be due from him to the defendant in the attachment, and for the amount of any credits or other personal property that may be in his hands or under his control, belonging to the defendant in the attachment, until the attachment is discharged, or the judgment of the plaintiff in the attachment is satisfied, unless he pays such debts and transfers such credits and other personal property to the Sheriff. If the garnishee does not do this he may be required to attend before the Court from which the attachment has been issued, or the Judge thereof, or a referee appointed by the Court or Judge, and answer upon oath concerning debts due from him to the defendant in the attachment, and credits or other personal property in his possession or under his control which belong to the defendant in the attachment. The defendant may, also, be required to attend at the same time and place, and answer upon oath in relation to moneys due him from the garnishee, and to credits and other personal property in the possession or under the control of the garnishee which belong to him. If, upon such examination, it appear that the garnishee has credits or other personal property in his possession or control which belong to the defendant in the

attachment, and are capable of manual delivery, the Court or Judge may cause them to be delivered to the Sheriff, upon such terms as may be just, having due regard to liens and claims against the property; and if it appear that the garnishee has property of the defendant not capable of manual delivery, the Court or Judge may cause a memorandum containing the amount and description thereof to be delivered to the Sheriff. This course, however, is not compulsory upon the plaintiff in the attachment. If the garnishee has not voluntarily paid or delivered to the Sheriff, the plaintiff, after obtaining judgment, may sue him, as in the present case, and recover the property or its value, to the extent of his judgment, if the garnishee has converted it in the meantime. (*Roberts* v. *Landecker*, 9 Cal. 262.)

The notes of Pearson & Getchell were *credits* of the firm of Hardenbergh & Dyer, in the control of the defendant, and, *as such*, were subject to seizure and sale upon execution, the same as any other partnership property would have been at the time the plaintiff's attachment was served. (*Davis* v. *Mitchell*, 34 Cal. 81.) Had the plaintiff been a creditor of the firm, he would have had no difficulty in reaching those notes by attachment, and subjecting them to the satisfaction of his claim against the firm. Under the provisions of the statute, to which we have referred, he would have been entitled to summon the defendant before the Court, or Judge, or referee, and, upon its appearing that he held these notes as collateral, the Court or Judge could have caused him to surrender them to the plaintiff, upon being paid the amount of his own note against the firm, and, thereupon, to transfer the latter also; or, after obtaining his judgment against the firm, he could have brought an action against the defendant and accomplished the same result. (*Roberts* v. *Landecker*, *supra.*) The lien of the plaintiff obtained by his attachment would have not only fastened itself upon the notes, but would have transferred itself to the money due upon them, when collected by the defendant. Having collected the notes, the defendant could have applied the money, so far as necessary, to the payment of his own note against the firm, but he would have been bound to pay

the remainder to the Sheriff, or hold it subject to the plaintiff's lien; and if, under such circumstances, he had paid it out to other creditors of the firm, he would have been guilty of a conversion as against the plaintiff, and would have become liable to him for the amount so converted to the extent of his judgment against the firm. How, then, is this result affected by the circumstance that the plaintiff is not a creditor of the firm, but of Harbenbergh only, in his individual or separate capacity?

It is settled in this State that joint or partnership property can be seized under an execution against one of the joint owners or partners, for his individual or separate debt, and sold; and that the purchaser will acquire by his purchase the interest of the debtor partner; but that the rights of the several partners and the creditors of the firm are paramount to the claims of the creditors of the members of the firm, in their individual or separate capacity; and hence, that the interest which passes by the sale is the interest of the debtor partner in the residuum of the partnership property after the settlement of the partnership debts; that the interest may be ascertained by suit before the sale, in the name of the plaintiff in the execution, or, with his consent, in the name of the Sheriff, who, by his seizure, acquires a special property in the goods, or, after the sale, in a suit by the purchaser against the other partners, or by the latter against him. (*Jones* v. *Thompson,* 12 Cal. 198.)

It follows that by the service of his attachment upon the defendant the plaintiff secured a lien upon the interest of Hardenbergh in the notes, and the money thereafter collected on them, subject to the special lien of the defendant, and the paramount lien of the other partner, Dyer, and the other creditors of the firm; and that the defendant having converted the funds collected by him upon those notes, so far as they were in excess of his own debt, has made himself liable, under the statute, to the plaintiff for the amount of Hardenbergh's interest therein, to the extent of the plaintiff's judgment against Hardenbergh, and to that extent the plaintiff is entitled to recover. The agreed case, however, instead of showing that there is something coming to Hardenbergh

upon a settlement of the partnership debts, shows that there is nothing coming to him. The agreed case, therefore, fails to state facts sufficient to entitle the plaintiff to recover.

That such are the relative rights of the creditors of the firm, the partners and the creditors of the partners, in their separate capacity, is not, as we understand them, denied by counsel for the plaintiff, but it is insisted in effect that the defendant cannot shield himself behind the paramount rights of the other partner and the other creditors of the firm ; that he had no right, as against the plaintiff, to look after the interests of Dyer or the other creditors of the firm ; or, in other words, erect himself into a Court for the settlement of partnership affairs, that, on the contrary, he was bound, after paying his own claim, to turn over the remainder of the funds to the Sheriff, and allow Dyer and the other creditors to assert their paramount rights by suit against the plaintiff if they desired to do so.

By this argument counsel concede that if the funds had remained in the hands of the defendant at the time this action was brought, and Dyer, as partner, and the parties named in the assignment from Hardenbergh & Dyer to the defendant as creditors, had intervened, as they might have done, the Court would have caused the funds to be paid out precisely as the defendant has paid them. Can the defendant be held liable for doing, at the request of Dyer and the other creditors, what the Court would have compelled him to do at their suit, if he had not done it at their request? We think not. The defendant did not, as suggested by counsel, act in this matter as a *volunteer.* He acted upon request, and did nothing but what the law, through the Courts, would have coerced him to do.

Judgment affirmed.

CROCKETT, J., delivered the following opinion :

If it had appeared from the agreed facts that the firm of Hardenbergh & Dyer had no other copartnership property than the notes of Pearson & Getchell, which were assigned

to Tevis, I can perceive no good reason why the two copart-
ners, by their joint act, might not appropriate the notes or
their proceeds to the payment of partnership debts, not-
withstanding the garnishment. If the whole of the joint
property was necessary for the payment of the joint debts,
and if the copartners agree to appropriate it, they cannot
be hindered in doing so by a garnishment on behalf of an
individual creditor of either. In such a case it is obvious
that neither partner has any interest in the property, which
is liable to his individual debts. But for aught that appears
in this case, Hardenbergh & Dyer may have had an abun-
dance of other partnership property amply sufficient to pay
all their partnership debts. In that event they could not
defeat a garnishment by a creditor of one of the copartners
by electing to appropriate to their creditors the fund which
was attached, instead of devoting their other property to
that purpose. The attachment is a lien upon the interest of
the defendant in the common property which is attached.
That interest is the residuum which shall remain after all the
copartnership debts are paid and the claims of the other co-
partner are satisfied. If there be no residuum, there is nothing
to attach. Hence, if it had appeared that there was no other
property of the firm, and that it was all needed to pay co-
partnership debts, and that it had been so applied with the
consent of the copartners, it would be evident that Harden-
bergh had no interest in the fund to be reached by his indi-
vidual creditors. But it does not appear that this was the
only property of the firm. Under these circumstances, on
whom lies the burden of proof? Was it incumbent on the
plaintiff, in order to reach the funds in the hands of Tevis,
to institute appropriate proceedings for the settlement of the
partnership affairs, that it might thereby be ascertained what
interest, if any, Hardenbergh had in the fund, or was that
duty to be performed by the copartners or their creditors, or
by the garnishee for his own protection? In my opinion that
duty was not incumbent on the plaintiff. *Prima facie*, Har-
denbergh had an interest which was subject to attachment.
If Dyer or the creditors of the firm had prior equities which

would absorb the whole fund on a settlement of the partnership affairs, or if the garnishee could not safely pay over the money to either party until their rights were ascertained, either of them might have instituted appropriate proceedings in equity for that purpose.  Perhaps the defendant in this action, by proper averments and proofs, to the effect that the fund in his hand was the only property of the firm—that it was all required to pay the debts of the firm, and was so applied with the consent of the copartners—might have made a valid defense on that ground.  But, in the absence of such averments and proofs, and without any settlement of the affairs of the copartnership, the agreed case, in my opinion, exhibits no defense to the action.  I think the judgment should be reversed and a new trial ordered, with leave to the defendant to amend his answer if he elects to do so, and with leave to Dyer or the creditors of the firm to intervene, if they shall apply for leave to that effect.


SAWYER, C. J., delivered the following opinion:

I concur in the views and the conclusion of Justice SANDERSON.  I do not think the fact that it does not appear whether the property in question was all the partnership property or not affects the question.  Tevis was the trustee of the firm itself, as well as of the creditors for whose benefit the partnership property in controversy was assigned to him, and as such, until the affairs of the concern are settled, as much entitled to the possession of the property as any individual creditor of Hardenbergh could be.  Even if a sale had taken place of Hardenbergh's interest in the said partnership property, and it had been purchased by Robinson, Robinson could, in any event, only get an undivided interest in the residuum of the partnership property after the settlement of its affairs and payment of its debts ; and whether the concern is solvent or insolvent cannot affect the question.  But in this case Robinson was not even in that position.  No sale had yet taken place, and he had only acquired a lien on Hardenbergh's interest in the property.  To enable plaintiff to recover, the burden is on him to show

that there was a surplus, and the amount of his share of the surplus, not on Tevis to show that there was no surplus. Till this is done and his share set off and appropriated to him, he is no more entitled to the possession or control of the fund than the partners or their trustee. He is, at least, even after a purchase of Hardenbergh's interest in the partnership property, but a tenant in common to the extent of his interest. He is certainly in no better position with a mere lien on Hardenbergh's interest. The truth is, his rights cannot be determined in this action ; other parties are necessary. I concur in the judgment and opinion of Justice SANDERSON.