McCown and others, Respondents, vs. Russell, Garnishee, Appellant.

*December 12, 1892 — January 10, 1893.*

*Chattel mortgages: Future advances: Garnishment of mortgagee.*

Where a mortgagee in possession of goods under a mortgage to secure future advances is summoned as garnishee of the mortgagor, he is liable as such garnishee to the extent of the mortgagor's interest in the goods over and above the advances then made and liabilities then incurred; and such liability cannot be defeated or impaired by any subsequent act done or liability incurred by the garnishee.

APPEAL from the County Court of *Winnebago* County.

F. W. Smith was a merchant in Oshkosh, and the garnishee, *R. C. Russell*, was a banker at the same place. On January 31, 1888, Smith executed to said *Russell* a bond in the penal sum of $20,000, reciting, among other things, that said Smith was then justly indebted to divers persons, in all not exceeding $12,000; that said *Russell* did not in any manner thereby bind himself or agree to advance money sufficient to pay the indebtedness. of said Smith; that said *Russell* was about to advance to said Smith moneys to enable him to pay his said indebtedness in full; that said Smith had a stock of goods of the value of about $40,000,— and conditioned that if said Smith should well and truly pay any moneys which said *Russell* should ad-

vance to him or for his benefit, together with all costs, charges, and expenses in reference to the same, and well and truly indemnify and save said *Russell* harmless in the premises, then said obligation should be void; otherwise remain in full force and effect. At the same time Smith executed to *Russell* a chattel mortgage on his entire stock of goods, wares, and merchandise, furniture and fixtures, and property of every name and nature in his said store (excepting and reserving book accounts, choses in action), to secure said bond, which mortgage is in the usual form, and recited that said *Russell* was to take, and did thereby take, the actual and full possession of said property, and every part thereof, as a mortgagee in possession; that the net proceeds of all sales from and out of said property were to be deposited at the Union National Bank to the credit of said *Russell*, to be applied by him to the extinguishment and payment and satisfaction of any and all indebtedness due from Smith to him, and upon the payment of the moneys which he had advanced, and which he might thereafter advance, to said Smith, with costs, charges, and expenses, he would surrender the possession thereof to said Smith.

After the execution of said bond and mortgage, and before the commencement of this action, six several actions were commenced by six several parties, as creditors against said Smith, in each of which said *Russell* was garnished, and, to settle up and pay such claims, he, as such garnishee, paid out $923.01. On March 12, 1888, the plaintiffs commenced this action to recover from said Smith $381.93, with interest, and on the same day garnished the said *Russell*. *Russell*, as such garnishee, answered, in effect, the facts stated, and also that prior to the commencement of this action he had advanced on said mortgage the sum of $9,901.21, and that he had received from the sale of said goods $2,800. The plaintiffs took issue with said answer

McCown and others vs. Russell.

and insisted that, notwithstanding said answer, said *Russell* was liable herein as garnishee.

At the close of the trial of the issue so formed, and on October 12, 1889, the court found, as matters of fact, in effect, the several facts stated, and also that before said trial the entire stock of said goods and property covered by said mortgage had been converted into money, and the business closed out, and the proceeds thereof amounted to $36,000, and that the total charges of said *Russell* against said Smith, for all purposes, at the time of said trial, including the $3,000 for services and interest hereinafter mentioned, amounted to the same sum; that since March 12, 1888, said *Russell* had, in addition to the $923.01 paid by him on said prior garnishments, also paid off other claims and indebtedness to the amount of $5,264.23, upon which were discounts amounting to $1,331.23, leaving $3,933 actually advanced to said Smith under said mortgage after the service of the garnishee papers in this action; that without any provision in said bond and mortgage, or either of them, and on October 8, 1888, said Smith executed to said *Russell* notes to the amount of $3,000 aforesaid, in consideration of his services as such mortgagee, and interest on moneys he had advanced to purchase new goods since this garnishment; that said Smith's interest in said stock of goods in the hands of said *Russell*, liable to garnishment, at the time of the commencement of this action, was more than sufficient to cover the claim of the plaintiffs, with interest and all costs in this action, over and above all costs of converting the entire stock of goods into money, and over and above all proper charges and offsets in favor of said *Russell*, and which said interest was, before the trial of this action, converted into money by said *Russell;* that May 21, 1888, the plaintiffs herein recovered judgment against said Smith for $407.47, damages and costs; that said chattel mortgage was given by said Smith, and

taken by said *Russell* in good faith, and without any intent to hinder, delay, or defraud creditors, and that said *Russell* acted in good faith in the matters mentioned; that from August to December, 1888, inclusive, nine other actions were begun against said Smith, in which said *Russell* was examined as garnishee, and all of which actions were still pending, and that said plaintiffs in said several actions claim that said *Russell* is indebted to said Smith in the aggregate sum of $3,191.20; that October 1, 1888, a creditor's bill was commenced by one Fish against said Smith and *Russell*, asking for a receiver, and praying for an accounting against said *Russell*, and that the same was still pending; that said *Russell* had appeared therein, and employed attorneys to defend the same.

As conclusions of law the court found that said *Russell* was liable as garnishee of said Smith, and that the plaintiffs herein were entitled to recover of and from said *Russell*, as such garnishee, the sum of $407.47, with interest thereon from May 21, 1888, together with the costs of this suit. From the judgment entered upon said findings, the garnishee defendant, *Russell*, appeals.

For the appellant there were briefs by *Finch & Barber*, and oral argument by *Charles Barber* and *Fred. Beglinger*. They contended, *inter alia*, that garnishment was not the proper remedy to reach Smith's rights in the mortgaged stock. His interest could have been seized on execution, and therefore the very basis of the action of garnishment fails in this case. R. S. sec. 2988; *La Crosse Nat. Bank v. Wilson*, 74 Wis. 391; *Hass v. Prescott*, 38 id. 146; *Saxton v. Williams*, 15 id. 292. The mortgage being valid, there was no occasion to exercise the equitable jurisdiction made a part of the proceedings by sec. 2768, R. S. The function of the equitable jurisdiction would seem to be either to reach non-leviable assets in the hands of the garnishee, or

else to investigate the title by which the garnishee holds the property. If in the latter case the title is found valid, the function ceases. *First Nat. Bank v. Knowles*, 67 Wis. 390; *La Crosse Nat. Bank v. Wilson*, 74 id. 391; *Shoemaker v. Katz*, id. 374; *Healey v. Butler*, 66 id. 9. To find that the mortgage was valid, was virtually finding against the plaintiffs on that allegation of their affidavit that the defendant did not have property liable to execution sufficient to satisfy plaintiffs' demand. When the action was commenced there was no cause of action in favor of Smith against the garnishee. Smith was not in a position to demand an accounting, and an accounting would have been fruitless, since it was evident that *Russell* would have to continue the business in order to get his money back. The plaintiffs stood on no better ground than Smith did, and if he could not demand an accounting they could not. *Goode v. Barr*, 64 Wis. 659; *St. Louis v. Regenfuss*, 28 id. 144. If Smith could not by an action for an accounting defeat the operation of his contract with *Russell*, they could not. *Smith v. Davis*, 1 Wis. 447; *Drake v. Harrison*, 69 id. 99; *McDonald v. Bryant*, 73 id. 20. Garnishment cannot interfere with the contract rights of the garnishee. *Foster v. Singer*, 69 Wis. 392; *Bishop v. Young*, 17 id. 46; *Daggett v. McClintock*, 56 Mich. 51; *Edwards v. Roepke*, 74 Wis. 575; *Ingram v. Osborn*, 70 id. 192; *Baltimore & O. R. Co. v. Wheeler*, 18 Md. 372; *Grant v. Shaw*, 16 Mass. 341; *Owen v. Estes*, 5 id. 330; *Lundie v. Bradford*, 26 Ala. 512; *Dryden v. Adams*, 29 Iowa, 195. *Russell's* liability to Smith never became fixed and absolute. The test of the garnishee's liability is generally whether, when the garnishee process is served, the defendant had a cause of action against the garnishee. *Foster v. Singer*, 69 Wis. 392; *Edwards v. Roepke*, 74 id. 575; *Bishop v. Young*, 17 id. 46. Unless at the time the garnishee process is served the lia-

bility of the garnishee is fixed and absolute, he is not liable. Drake, Attachment, secs. 453c, 551, 553a; *Marks v. Reinberg*, 16 La. Ann. 348.

*Frank C. Stewart*, for the respondents.

CASSODAY, J. It will be observed from the foregoing statement that the bond and mortgage were given for future advances to be paid by the mortgagee and garnishee, *Russell*, to the debtor and mortgagor, F. W. Smith, for the purposes therein mentioned. Such a mortgage is valid, even as against attaching or garnishing creditors of the mortgagor, to the extent that the advances are actually made or the liability actually incurred, but void, as to such attaching or garnishing creditors, in so far as the advances have not been made nor any liability incurred. *Carter v. Rewey*, 62 Wis. 556; *First Nat. Bank v. Damm*, 63 Wis. 256; *Hobart v. Jouvett*, 6 Cush. 105; *Barnard v. Moore*, 8 Allen, 273; *Sullivan v. Lamb*, 110 Mass. 167; *Divver v. McLaughlin*, 2 Wend. 596, 20 Am. Dec. 655, and note; *Robinson v. Williams*, 22 N. Y. 380; *Brown v. Kiefer*, 71 N. Y. 610; *Davenport v. McChesney*, 86 N. Y. 242; *Preble v. Conger*, 66 Ill. 370; *In re O'Byrne's Estate*, L. R. Ir. 15 Ch. Div. 373.

Here the garnishee papers were served March 12, 1888,— only a little over a month after the mortgage was given. The statute made the garnishee liable to the plaintiffs to the amount of the property, moneys, credits, and effects in his possession or under his control, belonging to the mortgagor, or in which he was then interested, to the extent of his right or interest therein, and of all debts due or to become due to him, except such as might by law be exempt from execution. Sec. 2768, R. S. The liability or nonliability of the garnishee became fixed at the time of such service, and depends upon whether, *at that time*, the mortgagor had any right to, or interest in, such property,

McCown and others vs. Russell.

money, credits, or effects, as against the garnishee. It appears that at that time *Russell* had paid out, for all purposes, $9,901.21, and had received from the sales of the goods $2,800, leaving a balance of $7,101.21, over and above receipts, as the amount actually advanced by him upon the bond and mortgage, prior to the time of the service of the garnishee papers upon him. He had at that time also incurred liabilities on the six garnishee suits then pending, amounting in the aggregate to $923.01, making the total amount of moneys which had then been so advanced and incurred $8,024.22. *Russell* then had on hand the great mass of the stock, upon which, after running the store over a year and a half, he finally realized in all $36,000. In realizing that amount, it is true that *Russell* purchased new goods to the amount of $6,392.90, and necessarily incurred liabilities and expended large sums of money in running the store and business; but all that occurred after the rights of the parties to this action became fixed by the service of the garnishee papers. At the time the rights of the parties thus became fixed, the mortgagor's interest in the stock of goods then in the hands of Russell, over and above the $8,024.22 he had advanced and incurred, as mentioned, was very much more than sufficient to cover the claim of the plaintiffs, with interest and all costs; and hence this garnishment cannot be defeated merely because the garnishee subsequently paid out of such surplus $3,933 to certain of the mortgagor's general creditors, and retained $3,000 of the same for his own services, which were mostly performed after the commencement of this action. In other words, no act performed nor liability incurred by *Russell* after the service of the garnishee papers upon him can defeat, or in any way impair, his liability to the plaintiffs in this action. The statute goes so far as to expressly make the right and interest of the mortgagor in the goods mortgaged liable to

sale on execution, subject to the mortgage (sec. 2988, R. S.), and of course *Russell*, as the holder of such right and interest, was legally answerable therefor as garnishee.

If the bond and mortgage could be properly construed as claimed, to the effect that *Russell* was thereby bound to convert the goods into money and apply the same in payment of the debts of the mortgagor, then the transaction would have been, in effect, an assignment to him in trust for the benefit of creditors, and hence would come directly within the condemnation of the statute, as frequently declared by this court. *Winner v. Hoyt*, 66 Wis. 227; *Maxwell v. Simonton*, 81 Wis. 635, and cases there cited. But we do not think the transaction will properly bear such construction. On the contrary, by an express provision of the bond, *Russell* refused to bind himself in any manner, or to agree to advance sufficient money to pay such indebtedness. Besides, whatever money he thereby agreed to advance was to be advanced to the debtor and mortgagor personally.

For the reasons given, the judgment of the county court is affirmed.

*By the Court.*— Judgment affirmed.