Hon. JOHN H. MAHAN, Presiding Judge.
Hon. ABIJAH WELLS, }
Hon. SAMUEL W. McELROY, } Associate Judges.

---

SWOFFORD BROTHERS DRY-GOODS COMPANY v. JOHN
S. BRITTAIN DRY-GOODS COMPANY.

**No. 494.** (57 Pac. 235.)

GARNISHMENT—*Mortgagee in Possession.* Garnishment, under chapter 151, Laws of 1889 (Gen. Stat. 1897, ch. 95, §§ 227, 228; Gen. Stat. 1899, §§ 4450, 4451), is a separate, independent provisional remedy, governed entirely by the provisions of the act, and a garnishee is liable to the amount of the property, moneys, credits and effects in his possession or under his control belonging to the debtor, or in which he is interested, to the extent of the debtor's right or interest therein at the time of the service of the summons. The garnishment cannot be defeated merely because the garnishee is a mortgagee in possession, and the amount of the mortgagor's interest undetermined.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 10, 1899. Affirmed.

*Ellis, Reed, Cook & Ellis*, for plaintiff in error.
*Rossington, Smith & Dallas*, and *Clifford Histed*, for defendant in error.

1—9 KAN. APP.

The opinion of the court was delivered by

McELROY, J. : The John S. Brittain Dry-goods Company, on the 23d day of January, 1895, brought suit in the district court of Shawnee county against Hale & Evans to recover the amount due on an account in the sum of $141.83 ; it also sued out garnishment against the Swofford Brothers Dry-goods Company, mortgagees in possession of a stock of goods under a mortgage executed by Hale & Evans. The Swofford Brothers company made answer setting forth its mortgage and possession thereunder, and denying any indebtedness or liability to Hale & Evans, or that it had in its possession any property belonging to the defendant firm. The John S. Brittain Dry-goods Company in due time notified the Swofford Brothers company of its election to take issue upon the answer. An issue was thereby formed, a trial was had before the court without a jury upon the issues joined between the plaintiff and the garnishee, and the court found that the surplus in the hands of the garnishee from the sale of the mortgaged property was $468.55, that by reason thereof the Swofford Brothers company was indebted to the plaintiff in the sum of $146.85, and rendered judgment that the plaintiff recover from the Swofford Brothers Dry-goods company the amount thereof, with interest and costs. The garnishee filed a motion for new trial, which was overruled, and presents the case to this court for review, alleging error in the proceedings of the trial court.

The first question presented is upon the motion of the defendant in error to dismiss this proceeding, for the reason that Hale & Evans, the principal debtors, are not parties to the action. There is no issue between the John S. Brittain Dry-goods Company or the

Swofford Brothers Dry-goods Company and Hale & Evans; the only issue is upon the affidavit in garnishment and the answer. Hale & Evans were not parties to the triable issues in the court below nor are they necessary parties to this proceeding. The motion to dismiss is overruled.

The Swofford Brothers Dry-goods Company is engaged in the wholesale business; H. M. Hale and Effie H. Evans were engaged in the retail dry-goods business under the firm name of Hale & Evans. They were indebted to the Swofford Brothers company in the sum of $2016.64, for the security of which they executed, on the 19th day of January, 1895, a chattel mortgage on their stock of merchandise. The mortgage was filed for record on the same day, and the mortgagee took immediate possession of the property, as it was authorized to do by the terms of the mortgage.

Afterward, on the 21st day of January, Hale & Evans executed a second mortgage on the property to Cora, Paul and Edna Evans, minor children of Effie H. Evans, which was filed for record. Hale & Evans were, at that time, indebted to the John S. Brittain Dry-goods Company in the sum of $141.83. The Swofford Brothers company, through its representative, one Penny, proceeded to sell the mortgaged property at retail; Mrs. Evans made application in the probate court for the appointment of a guardian for the minors, Cora, Paul and Edna Evans, mortgagees under the second mortgage. Penny was appointed guardian and qualified as such. The estate of the minors consisted of their mortgage, subject to that of the Swofford Brothers company. Penny, on the 14th day of March, 1895, acting as agent for the Swofford Brothers company and as guardian, sold the residue of the stock and assigned both mortgages to one Spear;

after paying the expenses of the sale and the amount due Swofford Brothers, he had the sum of $468.55, of which he turned into the probate court $250, and delivered to Mrs. Evans $218.55.

The plaintiff in error contends (1) that the Swofford Brothers company, as mortgagee in possession, is not chargeable in garnishment; (2) that the Swofford Brothers company discharged its entire liability by applying the proceeds of the sale to the payment of the expenses, to the amount due it as first mortgagee, and by the payment of the surplus to the second mortgagees and Mrs. Evans.

The assignments of error and each of these contentions present but one question: Can a mortgagee in possession, after the conditions are broken, and before he has sold the property and satisfied his debt, be garnished as one having property of the mortgagors.

Section 1, chapter 151, Laws of 1889 (Gen. Stat. 1897, ch. 95, §§ 227, 228; Gen. Stat. 1899, §§ 4450, 4451), relating to proceedings in garnishment, provides: "Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person, excepting a municipal corporation who shall be indebted to, or have any property, real or personal, in his possession or under his control, belonging to such creditor's debtor, in the cases, upon the conditions and in the manner hereinafter described."

The proceedings in garnishment prior to the passage of this act were merely an incident to those in attachment; garnishment since is a separate, independent provisional remedy, governed entirely by the act in question. This court, in the case of *Kellogg v. Hazlett*, 2 Kan. App. 529, 43 Pac. 989, said: "As garnishment is a special and extraordinary remedy, it can be used

only at the times and upon the grounds expressly authorized by statute. The statutory conditions for its exercise are conclusive, and exclusive of all others.''

In proceedings by garnishment, section 2, provides that . . . "the plaintiff or some person in his behalf shall file with the clerk an affidavit stating the amount of the plaintiff's claim against the defendant or defendants, over and above all offsets, and stating that he verily believes that some person, naming him, is indebted 'to or has property, real or personal, in his possession or under his control, belonging to the defendant (or either or any of the defendants), in the action or execution, naming him, and that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand. . . .''

The act under consideration clearly contemplates the fixing of a lien by garnishment upon equitable assets, which were not attachable. The affidavit authorizing garnishment must show " that the defendant has not property liable to execution sufficient to satisfy the plaintiff's demand.''

Sections 5 and 6 ( Gen. Stat. 1897, ch. 95, §§ 232, 233 ; Gen. Stat. 1899, §§ 4454, 4457) prescribe the form and substance of the answers necessary for the garnishee in order to discharge himself. He must state, under oath, that upon no account is he indebted or under liability to the defendant ; that he has in his possession, or in his control, no real estate and no personal property, effects or credits of any description, belonging to the defendant, or in which he has any interest. If he cannot so testify, then he must answer whether he held or now holds the title or possession to any real estate or any effects, any land of any description, or personal property, effects, or credits, or any instruments or paper relating to any such, belonging to

the defendant, or in which he is in any wise interested ; or, if he be in doubt respecting the same, he shall set forth a description of such property, and all the facts and circumstances concerning the same, and the title, interest or claim of the defendant in or to the same. Can it be said that a defendant who has property in the hands of a mortgagee more than sufficient to pay the debt is not anywise interested therein?

Section 8 (Gen. Stat. 1897, ch. 95, § 235; Gen. Stat. 1899, § 4457) provides that the answer of the garnishee shall be conclusive, unless the plaintiff shall serve upon the garnishee a notice in writing that he elects to take issue on his answer ; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer. If the plaintiff elects to take issue on the answer, an issue is thereby formed upon the matters that are stated or ought to be stated in the answer, and a trial is had. What is the triable issue ? Is it that the garnishee had leviable or legal assets? The very fact that the garnishee summons issued excludes the idea of legal assets. The plaintiff in the garnishment proceedings must first make affidavit that the defendant has no legal assets sufficient to pay his demand. The triable issue is as to whether the garnishee had any property in which the defendant was anywise interested, and this includes property equitable as well as leviable.

Section 14 (Gen. Stat. 1897, ch. 95, § 241; Gen. Stat. 1899, § 4463) provides that, from the time of the service of summons, the garnishee shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control belonging to the defendant, or in which he shall

be interested, to the extent of his right or interest therein, and of all assets due or to become due to the defendant, except such as may be by law exempt from execution.

The statute makes the garnishee liable to the plaintiff to the amount of property, moneys, credits and effects in his possession or under his control belonging to the debtor, or in which he was interested, to the extent of his right or interest therein.   The liability or non-liability of the garnishee becomes fixed at the time of the service of the summons, and depends upon whether at that time the debtor had any right to or interest in the property, moneys, credits or effects as against the garnishee.   The garnishee when served with summons had the mortgaged property in its possession, sold the same, out of the avails paid the expenses of the sale, the amount due it, and had remaining in its hands $468.55.   The mortgagors' interest in the stock of goods pledged to the payment of the debt, then in the hands of the garnishee as mortgagee, was sufficient to cover the claim of the plaintiff, with interest and costs.   The garnishment cannot be defeated merely because the garnishee was a mortgagee in possession of the property, and the amount of the mortgagors' interest undetermined at the time the summons was served.   The Swofford Brothers company, as mortgagee in possession of the goods, is liable as garnishee to the extent of the mortgagors' interest over and above its proper expenses and mortgage interest in the property.

The supreme court of Wisconsin, in *McCown and others v. Russell*, 84 Wis. 122, 54 N.W. 31, and *La Crosse National Bank v. Wilson*, 74 Wis. 391, 43 N. W. 153, held that by proceedings in garnishment non-leviable assets could be appropriated, and that a mortgagee in

possession is liable as garnishee to the extent of the mortgagors' interest in the property. The provisions of our garnishment act are identical with those of Wisconsin. The judgment will be affirmed.