BANK OF CENTERVILLE, Respondent, v. GELHAUS, Defendant (First National Bank, Garnishee), Appellant.

(242 N. W. 642.)

(File No. 7140. Opinion filed May 21, 1932.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Alan Bogue,* of Parker, for Respondent.

POLLEY, J. At the time of the service of the summons and complaint on the defendant in this action, a garnishee summons was served on the garnishee. At the time of the service of the

garnishee summons, the garnishee had in its possession a promissory note for $2,260, executed by one Jensen and wife, and a real estate mortgage securing the payment of the said note, payable to defendant. This note and mortgage had been regularly assigned by the defendant to the garnishee as collateral security for the payment of $500 which the defendant then owed to the garnishee. Shortly after the service of the garnishee summons, the garnishee defendant sold and assigned the said note and mortgage for its full face value. From the proceeds of said sale, the garnishee satisfied its claim against the defendant, and the remainder, amounting to something like $1,800, it still has in its possession.

The defendant defaulted, and judgment was entered against him for an amount greatly in excess of the said balance in the hands of the garnishee, which said judgment is still unpaid; and judgment was entered against the garnishee for the portion of the proceeds of the Jensen note and mortgage still in its possession. From this judgment and an order denying a new trial the garnishee appeals.

■■ At the time of the service of the garnishee summons, the appellant had a right to the possession of the Jensen note and mortgage, but it had no other right thereto than as security for the payment of its $500 claim against the defendant, and the enforcement of the collection thereof, so·that, when this claim was satisfied, it had no further right to, or interest in, the said note and mortgage, but appellant contends that, because it had the right of possession of the note and mortgage at the time of the service of the garnishee summons, the garnishee proceedings were ineffectual for any purpose; in other words, it is the contention of appellant that the interest of the defendant in the Jensen note, while it was held as security by the garnishee, was not garnishable. In support of this contention, appellant cites Borgen v. Auguski, 51 S. D. 65, 212 N. W. 47; Bowman v. Larsen, 53 S. D. 246, 220 N. W. 489; and Brocket Mercantile Co. v. Lemke, 39 N. D. 37, 166 N. W. 800. But these cases do not support appellant's position. They merely hold that: "As against the garnishee, a garnishing general creditor has no greater right than the principal debtor had at the time the garnishee summons was served."

This, of course, is the law. At the time of the service of the

garnishee summons, the defendant was the owner of the note and mortgage in question, subject only to the right of the garnishee. The equity in the note above the amount of the garnishee's claim against the defendant belonged to the defendant. Section 2453, Rev. Code 1919, reads as follows: "Any creditor shall be entitled to proceed by garnishment in any court having jurisdiction of the subject of the action, against any person, including a public corporation, who shall be indebted to or have any property whatever, real or personal, in his possession or under his control, belonging to such creditor's debtor, in the cases, upon the conditions and in the manner prescribed in this chapter. The term plaintiff is used in this chapter to embrace every judgment creditor, and the term defendant a judgment debtor."

Section 2470, Rev. Code 1919, reads as follows: "From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, money, credits and effects in his possession or under his control belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects held by a conveyance or title void as to the creditors of the defendant shall be embraced in such liability."

The equity of the defendant in the Jensen note and mortgage, while they were in the hands of the garnishee, was property belonging to the defendant within the meaning of these two sections, and became impressed with a lien in favor of the plaintiff when the garnishee summons was served. When the claim of the garnishee against the defendant was satisfied, it became the duty of the garnishee to pay the balance in its hands to the clerk of the court, as provided by section 2463, Rev. Code 1919, to abide the judgment of the court.

The interest of a pledgor of chattels may be garnished in the hands of the pledgee, either before or after judgment. Burnham v. Doolittle, 14 Neb. 214, 15 N. W. 606. And this is the rule followed by the great weight of authority. In Deering & Co. v. Richardson-Kimball Co., 109 Cal. 73, 41 P. 801, 803, a case on all fours with this, that court say: "It is contended for respondent,

however, that the Byrne note, in possession of the bank as a pledge, was not subject to attachment, and that only the money realized therefrom by the bank was attachable, and, therefore, that Carter acquired no lien on the money collected by the bank after the service of his garnishment; and this theory seems to have been adopted by the judge who heard the motion and made the order. But this theory is unsound. All debts and credits of a defendant in possession of another are attachable by garnishment. The Byrne note, in possession of the bank as collateral security for a debt of the defendant in attachment, Richardson-Kimball Company, was a 'Credit,' and the defendant's interest in it was attachable by garnishment of the bank (Gow v. Marshall, 90 Cal. 565, 27 P. 422); and the lien of Carter's attachment not only fastened itself upon the note, but transferred itself to the money, when collected thereon by the garnishee (Robinson v. Tevis, 38 Cal. 614)."

In Wisconsin and Kansas, under the provisions of garnishee laws identical in effect with our own, it is held that: "The garnishment cannot be defeated merely because the garnishee was a mortgagee in possession of the property, and the amount of the mortgagor's interest undetermined at the time the summons was served. Swofford Bros., as mortgagees in possession of the goods, are liable as garnishees to the extent of the mortgagors' interest, over and above their proper expenses and mortgage interest in the property. The supreme court, in McCown v. Russell, 84 Wis. 122, 54 N. W. 31, and [La Crosse Nat.] Bank v. Wilson, 74 Wis. 391, 43 N. W. 153, hold that, by proceedings in garnishment, non-leviable assets could be appropriated, and that a mortgagee in possession is liable as garnishee to the extent of the mortgagor's interest in the property. The provisions of our garnishment act are identical with that of Wisconsin." Swofford Bros. Dry-Goods Co. v. John S. Brittain Dry-Goods Co., 9 Kan. App. 1, 57 P. 235, 237, and to the same effect is Ellis et al v. Goodnow et al, 40 Vt. 237.

In this case, the garnishee, having collected its debt against the defendant, had no further interest in or right to the balance of the fund collected from the note, and would not be benefited to any extent whatever by a reversal of the judgment appealed from.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, J., concur in result.

WARREN and RUDOLPH, JJ., concur.