## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Realty Growth Investors

v.

H & F Development Corp. et al.

February 15, 1980

Case No. (Law) 3132

By JUDGE ALBERT H. GRENADIER

Michael T. Hall, the assignee of the judgment creditor herein, has filed a garnishment against Harlan E. Fraley, principal defendant, and Jerry Hall, Michael Hall and H. D. Hall, co-defendants, seeking to attach certain funds allegedly due from the co-defendants to Fraley on a promissory note. The garnishees have answered, admitting a liability to the judgment debtor of $25,120.05 and interest. The judgment debtor claims that the subject note was assigned to Talmage D. Fraley, Sr., on August 26, 1975, as collateral security for a $35,000.00 loan on which $17,500.00 and interest remains due. Talmage D. Fraley died September 8, 1979. Harlan E. Fraley, as executor of the estate of Talmage D. Fraley, Sr., seeks leave to intervene, asserting that he, as executor, is the owner of the note and that the note and the proceeds thereof belong to the estate.

While there are no Virginia cases directly in point, prior to the adoption of the Uniform Commercial Code the majority view was that where a judgment debtor assigns a promissory note executed by a third party to the garnishee as collateral security for the payment of a loan, the garnishee is liable to the judgment creditor only to the extent of the debtor's interest or equity in the note. That interest is held to be subject to the security interest of the garnishee and cannot be reached by the

judgment creditor until the garnishee has been paid. This view embraces the general principle that a garnisheeing creditor has no greater right than the principal debtor has in the property at the time the garnishment summons is served. *Bank of Centerville v. Gelhaus*, 242 N.W. 642 (1932); see 83 A.L.R. 1383 and cases cited therein.

In *Lynch v. Johnson*, 196 Va. 516, 521 (1959), the court expressly recognized the principle that in garnishment proceedings a judgment creditor stands upon no higher ground than his judgment debtor. It is logical, therefore, that Virginia would follow the pre-U.C.C. majority view expressed in the *Bank of Centerville* case.

The enactment of Article Nine of the Uniform Commercial Code has qualified the rule enunciated in the *Bank of Centerville* and *Lynch* cases. Since the adoption by Virginia of the U.C.C. and under Section 8.9-301 of the Code of Virginia, in order for the party holding the security interest to be able to satisfy his claim before the judgment creditor can satisfy his claim, the party holding the security interest must have "perfected" that interest prior to the judgment creditor becoming a lien creditor.

The security interest, however, must first attach to the collateral. The provisions of Section 8.9-203(1) of the Virginia Code must be complied with before the security interest may "attach" to the collateral. Under this section a security interest is not enforceable against the debtor or third party with respect to the collateral unless:

(1) The collateral is in the possession of the secured party pursuant to an agreement; or

(2) The debtor has signed a security agreement which contains a description of the collateral, value has been given, and the debtor has rights in the collateral.

Under the provisions of Sections 8.9-304(1) and 8.9-305 of the Virginia Code a security interest in instruments can be "perfected" only by the secured party taking possession and exists only for such period of time as possession is retained.

It is the opinion of the Court that the estate of Talmage D. Fraley, Sr., has a valid, perfected security interest in the subject note, which interest has priority over the claim of the plaintiff herein until the balance of $17,500.00 and interest is paid. In accordance with

applicable legal principles, any sums held by the garnishees in excess of the balance due on the note to the estate are subject to garnishment by the plaintiff.

Accordingly, the Court will allow Harlan E. Fraley, Executor of the Estate of Talmage D. Fraley, Sr., to intervene in this case for the purpose of establishing the claim of the estate to such portion of the funds now held by the garnishees as will pay in full the collateral note made by Harlan Fraley and payable to Talmage D. Fraley, Sr.