## HAWTHORN v. UNTHANK.

1. **Garnishment:** PROPERTY HELD BY GARNISHEE: MONEY JUDGMENT. A money judgment cannot be rendered against a garnishee upon his answer, showing that he has in his possession property of the defendant upon which he holds a lien, without giving him an opportunity to discharge such judgment by a surrender of the property, upon provision being made for the payment of his claim.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, DECEMBER 6.

THE plaintiff recovered a judgment against one Williams, before a justice of the peace, for $78. An execution was issued upon said judgment, and the defendant herein was garnished as a supposed debtor of Will᷑ ns. The defendant made answer before said justice, stat ᷑ that at the time he was garnished he had in his possess , ᷑ne horse of the value of $75, one wagon of the value of $᷑᷑᷑, and harness of the value of $10, the property of said Williams, and that he held a chattel mortgage thereon for $45, which was past due. Without further proof, and upon the statements contained in said answer, the

justice of the peace found that the defendant held property be-
longing to Williams, of the value of $115 over and above the
amount of the chattel mortgage held by the defendant, and
rendered a judgment against the defendant for $78.25, being
the amount of the judgment and costs against Williams, to-
gether with the costs of the garnishee proceedings, taxed at
two dollars.

The defendant appealed to the Circuit Court. The plaintiff
moved to dismiss the appeal and affirm the judgment of the
justice for the following reasons.

1. The judgment below was in the nature of a judgment
by confession, from which no appeal can be taken, and this
court has no jurisdiction in this cause.

2. The only remedy herein is by writ of error. An appeal
cannot lie from the judgment.

The motion was overruled, and the plaintiff excepted.

Thereupon the plaintiff moved for a judgment on the plead-
ings and record, and the court entered a judgment against the
defendant and surety in the appeal bond, for the amount of the
judgment against Williams and costs. The record of the
judgment concludes as follows. "And this judgment to be
discharged by the garnishee turning over to the sheriff all the
property in his hands as shown by his answer, to be applied
by the sheriff to the payment of plaintiff's claim against Wil-
liams, after satisfying garnishee's lien." The plaintiff appeals.

*Sapp, Lyman & Ament*, for appellant.

*G. A. Holmes*, for appellee.

ROTHROCK, J.—It is claimed that the court should have sus-
tained the motion to dismiss the appeal, because the judgment
before the justice was rendered upon the admis-
sions and confessions of the defendant in his an-
swer as garnishee. The garnishee did not confess
judgment in his answer, neither did he admit that
plaintiff was entitled to a money judgment against him. The
justice of the peace decided the case improperly upon the evi-
dence submitted to him. The evidence showed that the gar-

1. GARNISH-
MENT: prop-
erty held by
garnishee:
money judg-
ment.

nishee had certain property in his hands belonging to Williams, upon which he, the garnishee, held a lien. He was entitled before surrendering the property to have provision made for the payment of his mortgage, and the justice of the peace should have rendered a conditional judgment against him, just as was rendered in the Circuit Court. The court was not authorized to make the holding of the property by the defendant a money demand without giving the defendant an opportunity to discharge it by surrendering the property, upon provision being made for the payment of his lien. Such a judgment would have made the defendant a purchaser of the property, whether willing to purchase or not. There is nothing in these views inconsistent with any provision of the statute. They are in harmony with section 2988 of the Code. There was no error in the Circuit Court rendering such a judgment as the justice of the peace should have rendered.

AFFIRMED.