JOSIAH S. CASE v. MARTIN DEWEY, GARNISHEE.

*Garnishment—Delivery of flock of sheep—Costs.*

1. Delivery of such property as a flock of sheep can only be made by surrendering possession with intent to transfer the title thereto, and by accepting it as owner.

2. The purchaser of a flock of sheep cannot be garnished as a debtor of the vendor until the flock has been delivered, unless some payment has been made, or credit given and something passed by way of earnest.

3. The purchaser of a flock of sheep was garnished as the vendor's debtor, and in his disclosure stated that on the day the summons was served the sheep were "delivered" to him and he helped drive them to the scales. But it also appeared that they were to be paid for by weight and had not been weighed when the summons was served. *Held,* that there had been no complete delivery and the purchaser was not therefore garnishable.

4. A judgment will not be set aside for an erroneous instruction to the jury, if the result could not have been different under a proper instruction.

5. Counsel fee as for argument is denied the prevailing party if he neither presents his brief nor serves it on opposite counsel.

Error to Washtenaw.   (Joslyn, J.)   Oct. 9.—Oct. 15.

GARNISHMENT proceeding.   Plaintiff brings error. Affirmed.

*Hewett & Freeman* for appellant. Delivery and acceptance can only be evidenced by unequivocal acts independent of the proof of the contract : *Kirby v. Johnson* 22 Mo. 354; some act or conduct on the part of the vendee manifesting an intention to accept the goods as a performance of the contract and to appropriate them, is required to supply the place of a written contract : *Caulkins v. Hellman* 47 N. Y. 452 ; when the seller has done all that is required of him by the oral agreement it is for the buyer to determine whether he will accept: *Knight v. Mann* 118 Mass. 143 ; the acceptance must be pursuant to the contract of sale and with intent to take possession as owner : *Shepherd v. Pressey* 32 N. H. 49 ; *Cunningham v. Ashbrook* 20 Mo. 553 ; *Kirby v. Johnson* 22 Mo. 361 ; *Davis v. Eastman* 1 Allen 422 ; both seller and buyer must acquiesce in acceptance : *Washington Ice Co. v. Webster* 62 Me. 341 ; if a flock of sheep is sold at so much the head and it is agreed that they shall be counted after the sale in order to determine the entire price of the whole, the sale is valid and complete : *Crofoot v. Bennett* 2 N. Y. 260 ; where A bought the boards to be made out of a certain quantity of logs in the possession of B, to be paid for at a stipulated price per 100 feet when the boards should be sawed, and the boards were sawed and piled and notice given to the purchaser, the delivery was sufficient to render the sale valid and to transfer the title to the purchaser : see *Bates v. Conkling* 10 Wend. 389 ; *Riddle v. Varnum* 20 Pick. 283 ; *Macomber v. Parker* 13 Pick. 182 ; *Waldron v. Chase* 37 Me. 414 ; *Moody v. Brown* 34 Me. 107 ; *Brewer v. Salisbury* 9 Barb. 511 ; *Colwell v. Keystone Iron Co.* 36 Mich. 51.

*E. B. Norris* and *E. D. Kinne* for appellee.

COOLEY, C. J. The defendant in this case was summoned as garnishee of one McGee, and the question in the case is whether, at the time summons in garnishment was served, he was debtor to McGee or had in possession property belonging to him. The defendant made disclosure in which he said :

" I reside in the town of Bridgewater, Washtenaw county, Mich. I know the defendant, Edwin L. McGee. I had some deal with the defendant the last part of March or the first of April. I bought a quantity of sheep of him. There was one hundred and ninety-seven or eight. I bought

them by the pound, and agreed to pay five dollars and five shillings per one hundred pounds. The whole came to eleven hundred and fifty dollars. I made this bargain on the thirty-first day of March last. I had a chattel mortgage on the sheep at the time I bought them, of five hundred and seventy dollars. The amount of the mortgage was to apply on the purchase of the sheep. I didn't pay anything more at the time of making the bargain. The sheep were delivered to me on Saturday, April 1, 1882. I went up to McGee's, the defendant's, on Saturday morning, before the service of the garnishee. I helped him drive the sheep in the road for the purpose of driving them down here to me. He drove them down here to me that morning. While we were driving the sheep on the scales the garnishee summons was served on me. That was after they were driven down to me, as I supposed. At the time the garnishee was served on me I had not paid anything more than the amount of the chattel mortgage on the sheep. At the time of the service of this garnishee I had no property, goods or effects in my hands, or under my control, belonging to Edwin L. McGee, defendant."

Unless a jury would be warranted on this disclosure in finding an indebtedness from defendant to McGee, there could be no recovery. The circuit judge was of opinion they would not be, and so instructed them.

Whether or not there was indebtedness, would depend upon whether the sale of the sheep was complete at the time the summons was served. It is shown by the disclosure that the price to be paid was not yet determined. They were sold by the pound, and the weighing had not yet taken place. It also appears that no payment towards the purchase price had been made. No credit seems to have been bargained for, and consequently payment and delivery would be concurrent acts unless the contrary was agreed, and it does not appear that there was any other agreement. But even if it had been so agreed the sale would have been ineffectual under the Statute of Frauds unless delivery had been made; there having as yet been no payment and no delivery of anything by way of earnest. The case, then, turns upon the question of actual delivery of the sheep.

Delivery in a case like this could only be made by the vendor surrendering possession to the vendee with the intent thereby to transfer the title, and by the vendee accepting it as owner. Does such a transfer of possession appear here, is the question. The defendant says McGee delivered the sheep to him; but he is a layman and is not using language with technical accuracy: he proceeds to say what was in fact done, and we must judge from that whether the delivery had taken place. The fact appears to be that McGee had never transferred possession at all; he had brought the sheep to be weighed, and he and this defendant were driving them upon the scales when the summons was served. It is very clear McGee had not at that time resigned possession, and he had never agreed to do so until payment was made. Had defendant undertaken at that time to drive the sheep away, McGee unquestionably, as we think, would have had a right to resist, even to the use of force.

It is true that facts tending to show delivery are for the jury; and it may be said there were such facts in this case. But it is so clear that the jury would not have been justified in finding a delivery upon this disclosure that we are not willing to disturb the judgment because the instruction of the judge to them was given in too positive a form. If he had left the facts to the jury, saying to them that in his opinion no delivery was made out, the instruction would have been technically correct, and the result the same as now, or if the jury had disregarded his opinion, it would have been his duty to set aside the verdict. The positive instruction has not therefore wronged the plaintiff.

The judgment must be affirmed.

The other Justices concurred.

---

Afterwards, at the January term, 1885, a motion for re-taxation was made and granted January 6.

*Hewitt* for the motion.

*Norris* against.

Per Curiam.   A counsel fee as for argument will not be allowed in taxing costs if the brief of the prevailing party, though printed, was neither served in advance on opposing counsel nor handed to the Court when the case was reached.