FOUNTAIN BROS. v. SMITH, GARNISHEE.

1. **Chattel Mortgage:** GARNISHMENT OF MORTGAGEE: LIABILITY. A mortgagee of chattels, when garnished in an action against the mortgagor, cannot be charged in a money judgment for the excess of the value of the chattels over the secured debt, when he does not have the chattels in his possession.

2. ———: HOW MORTGAGED CHATTELS ARE REACHED BY CREDITORS. In what way a creditor of a mortgagor of personal property may reach it when it is not in the possession of the mortgagee, is discussed, but not decided, in this case.

*Appeal from Harrison Circuit Court.*

SATURDAY, DECEMBER 11.

THE plaintiffs are creditors of one Harmon. As such they garnished the defendant Smith. He answered, denying that he was indebted to Harmon, and a trial was had to a jury, which rendered a general verdict for the defendant garnishee. It however, rendered a special verdict, also, and the plaintiff moved for judgment against the garnishee on the special verdict, notwithstanding the general verdict in the garnishee's favor, and the motion was sustained. The garnishee appeals.

*Dewell & McGavren,* for appellant.

*S. H. Cochran,* for appellee.

ADAMS, CH. J.—It appears from the special findings of the jury that Smith was indebted to the garnishee in the sum 1. CHATTEL of $305.06; that Smith gave him a chattel mort- mortgage: garnishment gage to secure the same on property of the value of mortgagee: liability. of $394.60; that the garnishee had taken the actual possession of a part of the property, which was of the value of $120, and the balance remained in the hands of his debtor, Harmon, the mortgagor. The court rendered judgment against the garnishee for $80.50, which we assume appeared to be the difference between the debt, with interest, due from Harmon, and the value of the mortgaged property as found by the jury. The court further ordered that the plaintiffs should receive an assignment of the mortgage if they should pay the mortgagee the amount of the mortgage debt.

The question presented is as to whether a mortgagee can be charged in garnishment proceedings instituted by a creditor of the mortgagor, and a money judgment be rendered against him upon proof that the mortgaged property still in

the hands of the mortgagor exceeds in value the mortgage debt.

Under section 2975 of the Code, the garnishee may be charged with property "in his custody, or under his control," if the same is not subject to any claim of his own. Where, however, he holds the property as mortgagee, an unconditional money judgment cannot be rendered against him. *Hawthorn v. Unthank*, 52 Iowa, 507. In the case cited a conditional judgment was rendered to the extent of a portion of the surplus, and it seems probable that the court below undertook to follow the ruling in that case. But the case before us differs from that in this: that the garnishee did not have actual possession of mortgaged property sufficient in value to discharge his own lien. The plaintiff's position is, however, that the garnishee may be charged the same as if he had actual possession of the whole. He insists that he had control of the property within the meaning of the statute. But, in our opinion, this position cannot be sustained. We think that the most that can be said in respect to the property not in the mortgagee's actual possession, but in that of the mortgagor, is that the mortgagee had a right to the control. Whether he would succeed in enforcing that right, and reducing the property to possession, no one could say. If the rule contended for by the plaintiff should be held, the value of a chattel mortgage would be greatly impaired, and in some cases a source of positive danger to the holder; for he might, in some cases, be made to pay his debtor's debt to another, and lose his own besides.

In what way a creditor of a mortgagor of personal property may reach it when it is not in the possession of the mortgagee we are not required, in determining this case, to point out. In *Torbert v. Hayden*, 11 Iowa, 444, Lowe, J., discusses the question, though it was not before the court to be decided. He says: "We can perceive no reason why the mortgagee, holding, as he does, the legal title, which draws to him the possession,

*2. ——: how mortgaged chattels are reached by creditors.*

which, for that reason, is under his control, may not be garnished, and required to answer the amount of his claim yet unpaid,—the amount and value of the property he holds as security for the same; and, if above the amount of his claim, then he should be held responsible, from the service of the garnishment, for the sale and disposition of any property thus mortgaged, over and above the payment of his own claim." Precisely how this could be done, and the rights of the garnishee be protected in all cases, does not seem very clear. But it is to be observed that there is no intimation that an unconditional money judgment should be rendered against the garnishee in the outset. It is to be observed, also, that the learned judge thought that it would be proper for the court to carry the garnishment into effect by the appointment of a receiver, who should take and hold possession for all parties in interest, and act under the orders of the court in disposing of the property, and in discharging the different liens. If the answer of the garnishee should show his mortgage, and also show that that he did not have possession of the property, and if it should appear that the garnishing creditor had ground for an attachment, and could not make the same effective by a seizure of the property, there would be much reason in support of the view that a receiver might be appointed. But, the question not being before us, we do not feel called upon to say more.

In rendering an unconditional judgment against the garnishee, we think that the court erred.

REVERSED.