State ex rel. BANK OF HERRICK, Plaintiff, v. CIRCUIT
     COURT OF GREGORY COUNTY, Respondent.

(143 N. W. 892.)

1.  Process—Service by Publication—Order for Publication—Juris-
    diction Over Property, Necessity of.

     Under Code Civ. Proc., Sec. 122, providing for publication
of summons against non-resident defendants, and for an order
for such publication, the circuit court is authorized to make
such order upon a showing of the jurisdictional facts specified
in that section, even though plaintiff did not intend to attach prop-
erty of defendant, but relied solely on garnishment proceedings
to acquire jurisdiction over the property, it appearing that
such proceedings had progressed far enough to show moneys
of defendant on deposit within the jurisdiction.   Held, further,
that it is not necessary for court to acquire jurisdiction over
property prior to granting such order.

2.  Garnishment—Judgment Under—Process to Sustain—Service by
    Publication—Analogy to Attachment.

     A garnishment proceeding confers jurisdiction upon the court
over property subject thereto, such as will support a judgment
subjecting the chose in action garnished, to payment of plain-
tiff's claim, entered on service of publication, where defendant
does not appear; and such proceeding is analogous to an at-
tachment.

3.  Judgments—Judgment in Rem—Authority of Court—Power of
    State.

     While a court cannot reach beyond the state boundaries and
acquire jurisdiction over the person of a non-resident or over
property situate in another state, it is within the sovereign
power of the state to provide a method whereby all property,
including choses in action, within the state, can be taken and
applied to the debts of its owner, wheresoever they may reside.

4.  Constitutional Law—Due Process—Garnishment Without Bond—
    Legislative and Judicial Powers.

     The wisdom of authorizing issuance of garnishment process
without requiring plaintiff to put up a bond, was a matter
solely for the Legislature.

(Opinion filed November 18, 1913.)

     Original mandamus proceeding by the State, on relation of
the Bank of Herrick, against the Circuit Court of Gregory County.
On demurrer to the order requiring defendant to show cause why
a peremptory writ of mandamus should not issue out of the Su-
preme Court, compelling respondent to issue an order for publica-

tion of summons. Demurrer overruled, and judgment directed for relator.

*Starcher & Parish,* and *W. J. Hooper,* for Relator.

That the defendant has property in the state is conceded, and, as is shown by the affidavit for an order for publication, the garnishee defendant, by its answer has admitted that it has $150 in its possession belonging to defendant. There is no other provision in our Code authorizing constructive service excepting section 112, Code Civ. Proc.

Defendant concedes that had plaintiff resorted to attachment, and thereby acquired a lien on this property, an order of publication should issue, and the court would, upon due service by publication, have acquired jurisdiction to subject the property attached to the payment of the indebtedness. He denies this relief, however, because the plaintiff has seen fit to resort to garnishment proceedings. There is no express provision found in the chapter on attachment which in any manner authorized service of the summons by publication. Sec. 205, Code Civ. Proc. The only place where this power is given is in this section 112 above cited. But construing this section with the provisions for attachment, sufficient authority is given the court, when property has been lawfully attached, to subject the same to the payment of any indebtedness which the court might find due and owing by the principal defendant to the plaintiff.

No express provision is found in the chapter on garnishment for service of the summons on the principal defendant without the state, or by publication. But section 5 thereof clearly implies that it may be so done. Bunker v. Taylor, 13 S. D. 434 (442); Fiske against Anderson, 33 Barb. 71.

If the defendant was a non-resident of this state, and had property within this state, the court must grant an order to serve the summons by publication when (1) the summons could not be served in this state after due diligence, and (2) when a cause of action exists in favor of the plaintiff.

Our garnishment law was evidently taken from Wisconsin, with some modifications. Section 5 of the Wisconsin garnishment act is identically the same as section 5 of our act. Winner v. Hoyt, (Wis.) 32 N. W. 128; Bragg v. Gaynor, 55 N. W. 919 (923).

*William Williamson,* for Respondent.

By section 112, Code Civ. Proc., it must appear by the affidavit of the plaintiff to the satisfaction of the court or judge: 1. That the defendant cannot, with due diligence, be found within the state. 2. That a cause of action exists against the defendant. 3. That he has property within the state subject to the jurisdiction of the court.   From this it follows that the court must be satisfied that the defendant in fact has property within the state subject to its jurisdiction before it would be warranted in entering an order directing service by publication.       The sufficiency of the affidavit and the showing with reference to the existence of property within the state is to be determined by the trial court.   Garnishment at best is very harsh in its operation, and its provision should not be extended to matters not strictly covered by the statute.

Plaintiff's contention that he can base his jurisdiction in the principal action upon a proceeding ancillary to it is anomalous. To hold that the trial court is required to issue its order directing service of summons by publication, based upon the service of a garnishee summons and the return of the garnishee, under the statute as it exists, is to reduce the law on the service of process on non-resident defendants to the last degree of uncertainty.

Under chapter 156 of the Session Laws of 1909, sections 7, 8, 9, there are a large number of contingencies which may occur after the issuance of such an order to defeat the jurisdiction or or apparent jurisdiction of the court at the time of the institution of the action.

From section 17, chapter 156, Laws 1909, it is very clear that the plaintiff does not acquire a lien upon the property held by the garnishee.   The effect of the garnishment is simply to make the garnishee personally liable to the extent of the value of the property in his possession.   He may sell or dispose of it or turn it over to the owner without violating any statute or order of court.   Property so held by the garnishee never comes into the possession, control or jurisdiction of the court as such. The whole proceeding is in effect a substitution of the garnishee defendant for the principal defendant, which substitution, in the absence of personal service or attachment of the property, could not bind the

principal defendant nor subject his property to any judgment that might be entered by the court. Note 36, 20 Cyc. 1059.

Garnishment is in no sense a levy upon property, but is a judicial proceeding by which a new judgment is obtained, but such judgment cannot be obtained without first obtaining service upon the defendant in the principal action. 20 Cyc. 978, Subd. 2.

If garnishment does not create a lien upon the property of the defendant in the hands of the garnishee, and no levy is made upon it, it can never come into the possession or control of the court, would not be subject to its order, and could not be used as a basis for acquiring jurisdiction. 20 Cyc. 982-D.

To attempt to use garnishment as a basis for an order directing the service of summons by publication seems to the respondent an abuse of process. On principle, it would seem that where a money judgment is sought an order for publication should not issue, except upon attachment, not only because it is the only method by which the property of the defendant can come under the control and be made subject to the order of the court, but because in an attachment proceeding the defendant is protected. by the plaintiff's being required to give a bond.

Garnishment does not provide for an undertaking, and in most cases, no matter how much the defendant may have been wronged, he would be without recourse, and his property would be taken without due process of law. A judge should not order substituted service to be made by publication unless an attachment has issued out of his court, under which property has been seized. A trial court is not bound to take any showing less definite than the return of the sheriff, showing that he has found property of defendant within the state and that the same is in his possession or under his control, subject to the order of the court. Pennoyer v. Neff, 95 U. S. 565, 24 Law Ed.

WHITING, P. J. This court issued an order to show cause requiring respondent to show cause, if any there be, why a peremptory mandamus should not issue out of this court compelling respondent to issue an order for publication of summons in a certain cause pending before such court wherein relator is plaintiff and one Anson Wagar is defendant. Respondent has appeared in response to said order and demurs thereto, alleging, as grounds for demurrer, that the affidavit upon which relator's application

was based does not state facts sufficient to entitle relator to any relief.

[1] Such demurrer confesses that respondent denied this application for an order for publication of summons for the sole reason "that the plaintiff has sought to acquire jurisdiction by a proceeding in garnishment whereby he seeks to subject certain moneys of the defendant in the Lucas State Bank to the payment of any judgment that he may obtain against the defendant; * * * that no levy upon the property of the defendant within the state has been made by attachment, and counsel for the plaintiff having stated in open court that no levy by attachment would be made for the reason that they deemed the proceeding in garnishment * * * sufficient to give jurisdiction upon which a valid judgment might be based." The demurrer confesses that relator has a cause of action against Wagar; that Wagar is a nonresident of this state; that he has property in the state; that the respondent had jurisdiction of the subject of the action, the debt sued for; that the defendant could not after due diligence be found in this state; that garnishee summons had been served on the garnishee and such garnishee had made answer admitting it had moneys of defendant on deposit—all of such facts appearing clearly and fully from the affidavit. Respondent contends that attachment is the only proceeding through which the court could acquire jurisdiction to enter a judgment in such action.

It will thus be seen that the only question that is really presented to this court is whether the trial court should have granted the order for publication herein. The question of whether such trial court could eventually render a judgment in the action wherein publication of summons is sought is not properly before us at this time; it has no bearing upon the question as to whether or not relator is entitled to the order of publication. This application for an order for publication was made under section 112, C. C. P., which provides that, where the person upon whom service of summons is to be made cannot, after due diligence, be found within the state, and that facts appear by affidavit to the satisfaction of the court or judge thereof, and it likewise appears that a cause of action exists against such defendant, the court or judge may grant an order directing that service of summons be made by

publication when the defendant is not a resident of this state but has property therein and the court has jurisdiction of the subject of the action. The facts confessed by the demurrer cover every statutory essential to entitle the relator to such order for publication. If no garnishment proceeding had been instituted and service made therein upon the party with whom Wagar's money was deposited, yet the mere fact that the defendant had property in this state, a fact conceded by the demurrer, taken in connection with the other conceded facts, entitled relator to the order asked for. That Wagar might make no personal appearance, and that the respondent court might never acquire any jurisdiction over the property of the defendant, and that, for want of any jurisdiction over either the person or property of Wagar, relator might never be entitled to recover a judgment was a matter not before the trial court and which it could not rightfully consider. It is the settled law of this state, in conformity with the decisions in the majority of the states, that it is not necessary for the court to acquire jurisdiction over the property prior to the granting of the order of publication. Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453; Hartzell v. Vigen, 6 N. D. 117, 69 N. W. 203, 35 L. R. A. 451, 66 Am. St. Rep. 589.

[2] While the above disposes of the sole question necessary for the disposition of this demurrer, yet it is apparent that if we merely overrule the demurrer and command the respondent to grant the order asked for, and thereafter the summons in the action of relator v. Wagar should be duly served by publication and Wagar should fail to appear, and plaintiff, without taking further steps to acquire any other different jurisdiction over Wagar's property than he has or may acquire through garnishment proceedings, should apply for a judgment, respondent court might refuse the same upon the ground that it had jurisdiction neither over the person nor the property of Wagar; it appearing from respondent's brief that the present judge of said court is of the opinion that garnishment proceedings cannot give such jurisdiction over the property (including choses in action) of a defendant as will support a judgment subjecting such property to the payment of relator's claim. We therefore feel justified in determining the correctness of respondent's view, as by so doing we will undoubtedly avoid another appeal. Unless garnishment pro-

ceedings give to the court some control or jurisdiction over the property or debt belonging to the defendant, such proceedings must certainly be a nullity.

[3] While a court of this state cannot reach beyond the boundaries thereof and acquire jurisdiction over the person of a party nonresident of this state or over property situate in another state, yet there can be no question but that it is within the sovereign power of a state to provide a method whereby, by proper process or proceeding, all property, both real and personal, situate within the state can be taken and applied to the payment of the debts of its owners, wheresoever such owners may chance to reside. Property subject to actual seizure is so applied through attachment. Why should a man's horse be attached and, through the attachment, applied to the payment of a debt and his choses in action beyond the reach of his creditors? Certainly there can be no reason lest it be the impossibility of devising a proper and efficient method for reaching them. It is to reach such choses in action, as well as tangible personal property in the possession of third parties, that the garnishment laws of this and other states have been passed; the proceedings therein are analogous to those in attachment; and the control or jurisdiction acquired over such debt or property is likewise of a similar nature to that acquired through the issuance and service of a writ of attachment.

In North Star Boot & Shoe Co.. v. Ladd, 32 Minn. 381, 20 N. W. 334, it was said: "The garnishment is, in effect, an attachment of the 'indebtedness' of the garnishee to the defendant. Though, technically speaking, it may not give a 'specific lien' upon such indebtedness, its effect in conferring upon the plaintiff a specified right (over and above that of a mere general creditor) to the indebtedness for the payment of his claim is substantially analogous to that acquired by an attachment of tangible property."

In Bragg v. Gaynor, 85 Wis. 468, 55 N. W. 919, 21 L. R. A. 161, it was said: "The proceess of garnishment operates as an attachment and fastens on such debts a lien by which they are brought under the dominion and jurisdiction of the court." See, also, Maxwell v. Bank, 101 Wis. 286, 77 N. W. 149, 70 Am. St. Rep. 926; Montana Nat. Bk. v. Merchants' Nat. Bk., 19 Mont. 586, 49 Pac. 149, 61 Am. St. Rep. 532.

It is therefore clear both upon reason and authority that the court, through the garnishee proceedings, acquires jurisdiction over the property in the control of, or debt owing by, the garnishee defendant.

[4] Respondent has suggested that great hardship might come owing to the fact that the plaintiff is not required to put up a bond before issuing the garnishee process. Whether or not it was wise not to require a bond was a matter solely for the Legislature. Perhaps it was because no property is taken from the garnishee defendant and no judgment is enforced against him until after full adjudication of the rights of the parties to the main action that the Legislature thought it unnecessary to require a bond.

The question under discussion was directly before the court of our sister state in Hartzell v. Vigen, supra, wherein the court held that a garnishee proceeding was a levy upon the property in the possession of the garnishee, and wherein the court said: "Whatever steps it may be necessary to take in order to realize upon the property cannot affect the validity of the levy. The court has the power to make all necessary orders to that end, as was in fact done in this case. We think the court had full jurisdiction to render a valid judgment in rem."

And in Bragg v. Gaynor, supra, it was said: "It has been the law in this state from a very early period that debts due to a nonresident debtor from citizens of this state are subject to garnishee procees at the suit of his creditor in the courts of this state, and that such debtor can be brought into such courts by publication of summons. * * * By force of statute law, as well as public policy declared thereby, and in the decisions of the courts, the situs or place where these debts are considered to be with reference to jurisdiction of our courts over them for the purpose of subjecting them to the satisfaction of debts due to a resident of this state from a nonresident in order to protect, do justice to, and satisfy creditors resident here is that of such resident debtor owing the same. * * * They are to be regarded, for the purposes of such proceedings, as property abiding or being in the domicile of the party owing them and are as much subject to the jurisdiction and control of our courts as tangible property of a nonresident found within our jurisdiction. It cannot be dis-

puted that tangible property so situated could be seized and applied to the satisfaction of the debts of a non-resident; and it is equally clear, as it seems to us, that debts, things in action, as distinguished from things in possession, may be subjected to the equitable jurisdiction of our courts for the same purpose. * * * That local laws may thus fix the situs of debts at the domicile of the debtor for such purposes that under such laws they may be attached, and compulsory payment will protect the debtor everywhere against a suit for the recovery of the same debt by the creditor, is well established by many adjudicated cases, among which are Allen v. Watt, 79 Ill. 284; Bethel v. Judge, 57 Mich. 379, 24 N. W. 112; Newland v. Judge, 85 Mich. 151, 48 N. W. 544; Railway Co. v. Crane, 102 Ill. 249 [40 Am. Rep. 581]; Moran v. Neville, 74 Pa. 52; Cochran v. Fitch, 1 Sandf. Ch. [N. Y.] 142; Williams v. Ingersoll, 89 N. Y. 523, 524. And the correctness of this doctrine is distinctly recognized in Guillander v. Howell, 35 N. Y. 658, 659, as an exception to the general rule as to the situs of personalty at the domicile of the owner. Garnishee process under our statute is only the equivalent of an equitable attachment and creates a lien in like manner as by filing a bill and is in every essential element, so far as it extends, a creditors' bill (Bank v. Wilson, 74 Wis. 391, 43 N. W. 153), and a creditors' bill is an equitable levy (In re Milburn, 59 Wis. 24, 17 N. W. 965.)"

The demurrer is overruled, and judgment, without costs, may entered upon the order overruling demurrer.