BORGEN, Appellant, v. AUGUSKI, Defendant (Crooks et al, Garnishees).

## (212 N. W. 47.)

(File No. 5851.   Opinion filed February 10, 1927.)

1. **Garnishment—Chattel Mortgages—Where Mortgagee Sells Mortgaged Grain Under Agreement to Apply Proceeds to Debt, Proceeds Held Not Garnishable by General Creditor of Mortgagor.**

    Where mortgagor turns mortgaged grain over to the mortgagee or his agent to sell under agreement that the proceeds shall be applied to the payment of his debt, the proceeds to extent necessary to extinguish such debt are not subject to garnishment by a general creditor of the mortgagor.

2. **Garnishment—Trusts—Where Creditor Sells Debtor's Chattels Under Agreement to Apply Proceeds to Debt, Proceeds Held Trust Fund Not Garnishable by Debtor's General Creditors.**

    Proceeds from the sale of debtor's chattels by his creditor under agreement to apply the proceeds to the payment of his debt held trust fund, and not garnishable by a general creditor of the debtor, in the absence of fraud or bankruptcy, though agreement was preference.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Garnishment, Key-No. 30, 28 C. J. Sec. 340; **(2)** Garnishment, Key-No. 32, 28 C. J. Sec. 163.

As to right of lienor to proceeds where property is sold with his consent under agreement that proceeds shall be applied toward payment of the debt, see annotation in L. R. A. 1915C, 166, 5 R. C. L. 458, 1 R. C. L. Supp. 1408.

Appeal from Circuit Court, Minnehaha County, Hon. John T. Medin, Judge.

Garnishment proceedings by O. Borgen against A. Auguski, also known as A. Augustouski, defendant, and A. R. Crooks and Crooks State Bank, garnishees. From judgment for garnishees, plaintiff appeals. Affirmed.

*Waggoner & Stordahl,* of Sioux Falls, for Appellant.
*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondents.

MORIARTY, C. The appellant sued one Auguski for money due as rentals for land owned by appellant and occupied by Auguski.

During the years 1920 and 1921 Auguski occupied the land

under a written lease, which contained provisions constituting a chattel mortgage on the crops of 1920 and 1921. The evidence shows that it was agreed that Auguski should farm the land during 1922 upon the same terms as were contained in the written lease. This agreement was entirely oral, and there was nothing that would constitute a mortgage on the 1922 crop, as against third parties. The Crooks State Bank held Auguski's notes secured by chattel mortgages covering many items of farm property and including also the 1922 crops.

In January, 1923, an agreement was made between Auguski and the garnishee defendant A. R. Crooks to the effect that a public sale of practically all of Auguski's chattels should be made, Crooks to clerk the sale, to apply the proceeds upon the notes held by the bank, and to pay the surplus, if any, to Auguski. The sale was held, pursuant to this agreement, on February 6, 1923. And at this sale grain from the 1922 crop was sold to the value of $273.20, and other property not covered by the bank's mortgages was sold to the value of $419.57. The entire proceeds of the sale failed to satisfy the bank's mortgage.

Crooks, who was the cashier of the bank, did the actual work of clerking the sale. On the day of sale, and after the sale was over, both the bank and Crooks were garnisheed in appellant's suit against Auguski. Each of these garnishee defendants served and filed an affidavit, in statutory form, denying liability.

Appellant took issue upon these affidavits. Prior to the trial of these issues judgment was entered against Auguski.

Upon the trial as to the liability of the garnishees the trial court made findings in favor of the garnishees and entered judgment in accordance therewith.

The only question presented for the consideration of this court is whether the agreement made between Auguski and Crooks made the proceeds of the sale a trust fund for the satisfaction of the bank's notes. There is no claim of any fraudulent intent in the agreement, nor is any bankruptcy involved.

[1] It seems to be well established that where the mortgagor turns his property over for sale under an agreement that the mortgagee is to collect the proceeds of the sale, either personally or through a third party, and to apply such proceeds to the payment of his debt, the proceeds, in so far as required to meet the debt

covered by such understanding, are not subject to garnishment at the suit of a general creditor of the mortgagor.   Under such understanding the debtor could not recover the proceeds from the creditor to whom he had given such authority, nor from the third party acting as trustee in the matter.   And, as against the garnishee, a garnishing general creditor has no greater right than the principal debtor had at the time the garnishee summons was served. Threshing Mach. Co. v. Calhoun, 37 S. D. 542, 159 N. W. 127; Hoyt v. Clemans, 167 Iowa 330, 149 N. W. 442, L. R. A. 1915C, 166; Nelson v. Badker, 39 S. D. 108, 163 N. W. 569.

[2]   These decisions are absolutely decisive of the right of respondent bank to the proceeds of all property covered by its mortgage.   As to the $419.57 derived from the sale of property not covered by the bank's mortgage, the record shows that the agreement was that the proceeds of this property, as well as that covered by the mortgage, was to be applied on Auguski's debt to the bank.   This part of the agreement was the preferring of a creditor by Auguski.   But, in the absence of fraud or bankruptcy, he had a right to give such preference.   Under the agreement as shown by the record the proceeds of the sale of his property also became a trust fund to be applied upon the notes held by the bank.

Finding no error in the record, the judgment and order appealed from are affirmed.