FARMERS TRUST & SAVINGS BANK, a Corporation, Respondent v. BANNWORTH, et al Appellants

(289 N. W. 423.)

(File No. 8284. Opinion filed December 26, 1939.)

Rehearing Denied February 10, 1940.

**C. H. McCay,** of Salem, for Garnishee-Appellant.
**Everett Bogue,** of Parker, for Respondent.

WARREN, P.J.  Action against the principal defendant to recover upon two promissory notes.  At the time the action was brought a statutory garnishee summons and affidavit of garnishment were served upon the garnishee.  The garnishee denied any liability.  Issue was taken upon this return and the matter tried to the court upon the issues raised by the pleadings in garnishment.

It would seem that the principal defendant executed a chattel mortgage on certain personal property to the

garnishee to secure a note of $1,000. The record shows that the trial court proceeded on the theory that it had jurisdiction to determine the validity of this mortgage. At the close of trial the court entered a judgment decreeing that this mortgage was fraudulent and void as to the plaintiff. A motion for new trial was made and overruled. The garnishee has appealed from the judgment and order overruling the motion for new trial. The question now arises has the court power in garnishment proceedings to declare a note and mortgage void as to creditors when mortgage has not been foreclosed and the property is not now or never has been in the possession or under the control of the garnishee defendant?

■ Courts seem to be in harmony to the effect that garnishee proceedings are purely statutory. Section 2453 R. C. 1919, recites any creditor may proceed in garnishment. The particular language which we are concerned with in said section reads as follows: "* * * who shall be indebted to or have any property whatever, real or personal, in his possession or under his control, belonging to such creditor's debtor, * * *."

■■ The last sentence of Section 2470 R. C. 1919, reads: "* * * Any property, moneys, credits and effects held by a conveyance or title void as to the creditors of the defendant shall be embraced in such liability."

With section 2454 in mind, the meaning of the last sentence of 2470 is apparent. This provision was not inserted in the garnishment statute with the intention of making garnishment a substitute for the equitable proceeding customarily used to set aside a fraudulent conveyance. Obviously, as a mere incident of the remedy of garnishment, the Legislature intended to grant the court power to brush aside all fraudulent claims, and adjudge the liability of the garnishee defendant to the principal defendant. If by so doing, a court could say and adjudge that the garnishee was indebted to the principal defendant, or had property which belonged to defendant, it could adjudge a conveyance fraudulent and void in the process of determining the liability of the garnishee either as a debtor or the holder of property.

Under the facts of the instant case, the court is not called upon to adjudge the mortgage void as fraudulent, because so to do would not result in a determination that the garnishee was liable to defendant, either as a debtor or the holder of property.

■■ An examination of the evidence quite conclusively shows that the garnishee appellant did not have in her possession or under her control any property, real or personal, belonging to the defendant, Bannworth. Both the plaintiff and the garnishee occupy positions in which they claim that the defendant is indebted to each one of them respectively upon written obligations. The plaintiff in this case by its garnishee proceedings in which it seeks to reach property owing to the defendant must fail because the record does not disclose that the garnishee is indebted to or has property in her possession or under her control belonging to the defendant as specifically stated in Code, Section 2453. No property has been turned over to the garnishee by the defendant; the most that can be claimed from the evidence is that the garnishee holds a chattel mortgage upon some of the defendant's personal property to secure an indebtedness evidenced by a promissory note from the defendant to the garnishee. Nothing to show that there has been any transfer of possession of the personal property to the garnishee nor has she instituted any proceedings for the foreclosure and sale of the personal property covered by the chattel mortgage, so whatever property the plaintiff seeks and which it asks the garnishee to disclose must be denied in her disclosure because she does not exercise any dominion through possession or ownership over the personal property covered by the chattel mortgage. Fountain et al. v. Smith, Garnishee, 70 Iowa 282, 30 N. W. 635. All she has is a mere lien. It is elementary that until the mortgagee makes some move to acquire possession of the mortgaged chattels there can be no ownership and possession in the mortgagee. Said ownership remains in the mortgagor until some of the conditions of the mortgage have been broken so as to entitle the mortgagee to seek relief by way of possession of the mortgaged property.

█ Possession is necessary to charge garnishee. The test to be applied under the facts in the record resolves itself around whether or not the garnishee had actual possession of the mortgaged property. "By the great weight of authority a person cannot be charged as garnishee unless he is in actual possession of the property sought to be reached. * * * The possession and control of the garnishee must be independent of defendant; if the property is equally within the power and control of the garnishee and defendant, the possession of the former is not sufficient to render him chargeable as garnishee But under the rule that plaintiff acquires no greater right against the garnishee than defendant had, defendant must have the right of control or of possession, and this right must be absolute, in analogy to the rule that a contingent liability is not subject to garnishment." Section 47, 28 C. J. 44.

See, Lyon et al. v. Ballentine et al., 63 Mich. 97, 29 N. W. 837, 6 Am. St. Rep. 284, and Case v. Dewey, 55 Mich. 116, 20 N. W. 817, 21 N. W. 911.

The Supreme Court in our sister state of Minnesota in Williamson v. Guaranteed Securities Co. et al., 178 Minn. 381, 227 N. W. 430, by a per curiam opinion in passing upon an action to set aside an assignment made by the plaintiff to defendant of a note and mortgage, the court said, "we may note in passing, however, that this is not an action in which the statute permits a garnishment."

We are of the opinion that the facts in this case do not warrant the testing out of the validity of note and mortgage given to the garnishee by garnishee proceedings.

In what way a creditor of a mortgagor of personal property may reach it, when it is not in the possession of the mortgagee, we are not required, in determining this case, to point out. It is sufficient that we hold that our garnishment proceedings provided by our statute, Section 2453, is not intended to cover the validity of matters attempted to be litigated in this action.

Respondent cites, Citizens' State Bank v. Carda et al., and Shammon, Garnishee, Appellant, 47 S. D. 29, 195 N. W.

828, in support of his garnishee proceedings. An examination of the foregoing case discloses that, there, we were dealing with a transfer of real property, which the plaintiff sought to have declared fraudulent, while the facts in the instant case, no transfer or possession of the property has reached the garnishee.

■ The most that respondent can claim is that it has attempted to set aside a lien where possession has not changed. Possession of the property, not having changed and not being under the control of the garnishee, it is inconsistent with our garnishment statute to try an issue as to whether or not the garnishee has property in her possession or under her control or is indebted to the principal defendant. Garnishment is a possessory action, the same as claim and delivery, giving the creditor the right to reach property in the possession of the garnishee. In the instant case there is no property, nor has there been any, in the possession of the garnishee. We, therefore, hold that the plaintiff may not proceed against the garnishee. The judgment and the order overruling the motion for a new trial is reversed with directions to dismiss the garnishee proceedings against the appellant, Mary Ontje Wessels.

All the Judges concur, except POLLEY, J., not sitting.