EGLAND, Appellant v. NEILL, Respondent
EGLAND, Appellant v. NEILL et al., Respondents

(65 N. W.2d 576)

(File No. 9413. Opinion filed August 10, 1954)

**Jackson & Krause,** Lemmon, for Plaintiff and Appellant.
**Davenport, Evans, Hurwitz, Smith & Heege,** Sioux Falls, for Defendant and Respondent.

SMITH, J. Whether through service of the owner and occupant of the surface of land as a garnishee, the trial court acquired jurisdiction of mineral rights therein owned by the nonresident defendant, upon whom substituted service was had, is the narrow question the parties would have us answer.

Plaintiff's action is for a judgment for money alleged to be due from defendant under a contract. In connection therewith he instituted proceedings in garnishment wherein several persons were namd and served as garnishees. The respective disclosures of these garnishees state that they hold title and possession of described real property located in Perkins County, South Dakota, and "That the public records of Perkins County, South Dakota, show that the Defendant, Jack Neill, owns or has an interest in, or has owned or has had an interest in, a portion of the oil, gas and minerals in and under said real estate but the exact portion or interest of

the said Defendant, Jack Neill, is unknown to your Affiant."
No exceptions were taken to these disclosures.

Substituted service was had upon the defendant, Jack Neill, a nonresident of South Dakota, in both the principal action and in the garnishment. A notice of pendency of the action was filed describing the several tracts of real property. Cf. SDC 33.0805.

Under what he denominated as a special appearance, Mr. Neill made a motion for an order quashing the service in this action and in the garnishment, and dismissing the action. That the mineral rights of defendant were not subject to garnishment was one of the grounds on which defendant sought the described order and was the ground on which the trial court entered its order dismissing the action and the garnishment. The plaintiff has appealed.

We understand both parties to have addressed themselves to the question we have phrased under the assumption that: (1) Mr. Neill holds title to an undivided interest in and to the oil, gas and other minerals under, and that may be produced from the tracts described in the respective disclosures of the garnishees, and has the right to have and receive and enjoy an undivided interest in and to all bonuses, rents, and royalties which may accrue under any mineral leases describing said property; (2) this interest of defendant in these mineral rights is an interest in real property; (3) the garnishees, except as to the mineral rights, are respectively the owners and in possession of the tracts in question; and (4) there has been no attempt by any person to determine whether the tracts are oil or gas bearing, or to take minerals therefrom.

In State ex rel. Bank of Herrick v. Circuit Court, 32 S.D. 573, 143 N.W. 892, 894, it was held that proceedings in garnishment are available to a creditor of a nonresident for the purpose of taking and applying upon his claim property of such nonresident debtor located in this state and subject to garnishment. In that case it was said "* * * the proceedings therein are analogous to those in attachment".

Plaintiff insists that an interest in oil, gas and other minerals in land is subject to garnishment by naming and serv-

ing as garnishee the one who holds a title to the surface and is in possession of the land. On the other hand, it is the position of defendant that within the contemplation of our garnishment statutes, his mineral interests in these lands are not in the possession or control of the garnishee, and therefore the court acquired no jurisdiction of his property.

■ As garnishment proceedings are purely statutory, these contentions confront us with a problem in statutory construction. Woodbine Savings Bank v. Yager, 61. S.D. 1, 245 N. W. 917.

■ ■ This court has recognized that a proceeding in garnishment is in effect an action by a defendant debtor in the plaintiff-creditor's name against the garnishee, the purpose of which is to subrogate the plaintiff to the rights of the defendant against the garnishee, and it has been held that the test in determining the liability of the garnishee to plaintiff is whether the facts would support a recovery by the principal defendant against the garnishee. New York Life Ins. Co. v. Hyde, 68 S.D. 516, 4 N.W.2d 812; Schuler v. Johnson, 63 S.D. 542, 261 N.W. 905; Bank of Centerville v. Gelhaus, 60 S.D. 31, 242 N.W. 642, 83 A.L.R. 1380; Borgen v. Auguski, 51 S.D. 65, 212 N.W. 47. If this accepted test of liability of the garnishees has application in the circumstances at bar, it seems obvious that defendant's contention must be upheld. Although the garnishees are in possession of the land, they make no claim to either title, or possession of or dominion over the mineral interests of defendant therein. Such facts would support a judgment in favor of defendant and against the garnishees that the garnishees have no right, title, or interest in the mineral rights of defendant, but they do not give rise to a cause of action in defendant to recover such interests from the garnishees. Under the stated test it would follow that the plaintiff-creditor may not employ proceedings in garnishment to recover such interests from the garnishees.

However, we understand plaintiff to assert the view that our garnishment statutes provide for a seizure by a creditor of an interest of the principal defendant in real property by the service of summons on the person in possession of the land, and for the eventual execution sale of such interest if

the creditor succeeds in the main action. He reads our statutes in garnishment as providing for something in the nature of an attachment of interests in real property by service of process on the person in possession of the land.

The remedy of garnishment is made available to described creditors by SDC 37.2801 "against any person * * * who shall * * * have any property, real or personal, in his possession or under his control belonging to such creditor's debtor * * *."

In an attempt to ascertain the intended scope of this remedy, in so far as it deals with real property, we have examined the garnishment statutes as a whole. In so doing, we have kept in mind our statutory definitions of "real property" which comprehend lands, tenements, and hereditaments . SDC 65.0201(17) and SDC 51.0102.

In providing the form to be used by a garnishee desiring to deny liability, it is noteworthy that the legislature employed the words "real estate" and required more than a denial that he "then had in his possession or under his control, no real estate * * * belonging to * * * defendant"; it required a denial of the possession or control of "real estate" in which the **defendant * * * had any interest**. SDC 37.2811. Likewise in SDC 37.2812 in making provision for a form to be followed when a garnishee must admit liability, the requirement is that he disclose "(2) Whether he held at the time aforesaid the title or possession of any real estate, or **any interest in land of any description,** * * * belonging to the defendant or **in which he was in any wise interested.** If he shall admit any such or be in any doubt respecting the same, he shall set forth the description of such property and all the facts and circumstances concerning the same, and the **title, interest, or claim** of the defendant in or to the same". If the garnishee disclose the possession or control of "property, real or personal" the officer having a warrant of attachment or writ of execution in the principal action may levy upon the **"interest** of the **defendant** in the same; otherwise the garnishee shall hold the same until the order of the court thereon." SDC 37.2816. There is also the provision that "The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respec-

tive interests, and may adjudge * * * the conveyance, transfer, or delivery to the sheriff, or any officer appointed by the judgment, of any real estate * * * disclosed or found to be liable to be applied to the plaintiff's demand, or by the judgment pass the title thereto; and may therein or by its order, when proper, direct the manner of making sale and disposing of the proceeds thereof * * *". SDC 37.2825.

The words of these statutes which we have emphasized, when separately considered in their literal sense, support the conclusion which we understand plaintiff to urge upon us, namely, that the intention was to provide a method of equitable levy on interests in real property by the mere service of process on a person who has no other relation to the defendant or to the interest of defendant in real property, than that of possession of the land in which the interest exists. However, when the act as a whole is considered we deem the conclusion inescapable that such was not the intention of the legislature.

Our conclusion is grounded on the fact that the legislature not only provided for the seizure and holding of property of defendant by the garnishee for the benefit of the plaintiff; it also provided for a liability of the garnishee to the plaintiff. The section reads, "From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, money, credits, and effects in his possession or under his control belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits, and effects held by a conveyance or title void as to the creditors of the defendant shall be embraced in such liability." SDC 37.2807. This provision must be read in connection with SDC 37.2811 and SDC 37.2812 from which we have quoted supra. These sections deal respectively with forms provided for use by the garnishee, the first cited for an "answer denying liability" and the second for an answer "admitting liability." Plainly, we think the legislature speaks in these sections of an existing liability; it contemplates arresting and holding for the benefit of plain-

tiff the then existing liability for property or indebtedness of the garnishee to the defendant. It was, we think, intended to seize a right of defendant to recover property or damages from the garnishee and to preserve that right for plaintiff's benefit. It seems unreasonable to conclude that the legislature intended to create a new liability for the benefit of plaintiff. Cf. 38 C.J.S., Garnishment, § 176, page 393.

We do not fail to appreciate that this construction of our statutes narrows their application in so far as interests in real property are concerned. However, that our legislature should intend a limited use of garnishment in dealing with such interests seems not unreasonable. Real property is not commonly made subject to garnishment. 38 C.J.S., Garnishment, § 98, page 306.

Evidently these sections have been so construed by lawyers and judges throughout the years. The remedy has been available here since 1909 and in Wisconsin, from which state our statutes were taken, for a much longer period. Yet we find no case in either state in which there has been an attempt to hold one as a garnishee of an interest in real property predicated solely on the fact that he holds possession of the land in which the interest exists.

■ As the interest of defendant in these tracts of land which plaintiff is attempting to seize could not be recovered from the garnishees by the defendant, as pointed out supra, we hold they are not subject to garnishment by serving process on the named garnishees, and therefore the court did not acquire jurisdiction of property of the defendant. This holding is in keeping with our decisions cited in New York Life Ins. Co. v. Hyde, 68 S.D. 516, 4 N.W.2d 812, cited supra, and in Farmers Trust & Savings Bank v. Bannworth, 67 S.D. 95, 289 N.W. 423.

It is argued that the garnishee holds control of defendant's interest, whether that interest be in oil and gas in place as held by Texas, cf. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607, or to explore for and take oil and gas as held by California, cf. Callahan v. Martin, 3 Cal.2d 110, 43 P.2d 788, 101 A.L.R. 871; Dabney-Johnston Oil Corp. v. Walden, 4 Cal.2d 637, 52 P.2d 237: and 9

So.Cal.L.Rev. 299; because defendant must pass through that which the garnishees own and control in order to exercise their right to develop their mineral interest. We think the suggested fact is without significance. While the garnishees may be in position to illegally interfere with the exercise of defendant's right in these properties, they bear no such relation to defendant's interest or to defendant as makes it necessary to recover such interest from them in order to apply it on plaintiff's claim.

These conclusions render unnecessary the consideration of other points argued.

The judgment of the trial court is affirmed.

ROBERTS, RUDOLPH and LEEDOM, JJ., concur.

SICKEL, J., dissents.

SICKEL, J. (dissenting). The mineral deed involved in this action represents an interest in the land in the nature of an "incorporeal hereditament". 58 C.J.S., Mines and Minerals, § 223. The deed grants to defendant the right to enter upon the land for exploration, development and the removal of minerals. The garnishee is the owner of the land and in possession and therefore the oil rights of defendant are under his control. The deed is an interest of substantial value which may be assigned or sold on execution to satisfy a liability owing by defendant to plaintiff.

The majority opinion concedes that the garnishment statute provides "a method of equitable levy on interests in real property by the mere service of process on a person who has no other relation to the defendant or to the interest of defendant in real property, than that of possession of the land in which the interest exists", but concludes that such was not the intention of the legislature as contended by plaintiff. A fundamental rule of statutory construction is that the court shall, by all aids available, ascertain and give effect to the intent and purpose of the legislature as expressed in the statute. Where the language of the statute is plain and unambigious there is no occasion for construction, and the statute must be given effect according to its plain and obvious meaning. 82 C.J.S., Statutes, § 322. Courts must assume

that the plain language of the statute expresses the intention of the legislature.

The majority opinion also concludes that a literal interpretation of the statute is unreasonable because it creates a new liability, referring of course to the duties imposed upon the garnishee in possession and control of property belonging to defendant. All garnishment statutes create new (statutory) liabilities. In this case the garnishee is in possession of the land covered by the deed and in control of the mineral rights represented by the deed. The garnishment statute imposes upon the garnishee the duty of protecting the rights of the grantee (defendant) against exploitation by defendant or anyone else during the pendency of this action, so that those rights may be appropriated to the satisfaction of any judgment which may be entered in favor of the plaintiff and against the defendant. Such duties are common to all garnishment statutes.

For the reasons stated it is my opinion that the judgment of the circuit court should be reversed.