**Leland LILLEHAUG, Appellant,**

v.

**CITY OF SIOUX FALLS, a Municipal Corporation; Richard Peterson, Individually and in his official capacity as the duly elected, qualified and acting Commissioner for the City of Sioux Falls; Loila Hunking and Joe Cooper, in their official capacities as duly elected, qualified and acting Commissioner and Mayor of the City of Sioux Falls, Appellees.**

No. 85–5239.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1986.

Decided April 18, 1986.

John N. Gridley III, Sioux Falls, S.D., for appellant.

Richard O. Gregerson, Sioux Falls, S.D., for appellees.

Before JOHN R. GIBSON and WOLL-MAN, Circuit Judges, and HARRIS,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Dr. Leland Lillehaug, bandmaster of the City of Sioux Falls, appeals the dismissal of his claims brought against the City of Sioux Falls under 42 U.S.C. § 1983 (1982). He argues that City officials violated his constitutional right to due process when, having determined that he was being overpaid, they unilaterally reduced his salary and recouped past overpayments through additional salary deductions. The district court[1] concluded that as an appointive officer whose employment was subject to termination without cause, Lillehaug had no constitutionally protectable interest in any particular salary level. The court also determined that Lillehaug had adequate remedies under state contract law to seek redress for the recoupment of past overpayments. The district court therefore dismissed Lillehaug's section 1983 claims. We affirm.

Lillehaug was appointed bandmaster for the City of Sioux Falls in 1963 and has been reappointed each year since. As city bandmaster, Lillehaug directs the participating musicians and conducts approximately 35 rehearsal sessions and 40 concerts per year. He arranges the music and staging for the city band as well as its scheduling and promotion. He maintains the music library, prepares the budget, and manages finances. The bandmaster work complements Lillehaug's full-time teaching position at Augustana College, in Sioux Falls. At oral argument, the City Attorney

---

* The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

stressed that all have been pleased with Lillehaug's performance.

City ordinances classify the bandmaster as an appointive officer. City of Sioux Falls, S.D., Rev.Ordinances § 30–82. By state law, any appointive officer of a municipality governed by a board of commissioners, as is the case in Sioux Falls, may be removed by a majority vote of the members of such board. S.D. Codified Laws § 9–14–12 (1981). In addition, City ordinances providing for removal of City employees for just cause specifically exclude appointive officers from their terms. City of Sioux Falls, S.D., Rev.Ordinances § 30–19.

In August 1982, Lillehaug asked that his salary of approximately $16,000 a year be increased. Lillehaug was told that the City had commissioned Touche Ross & Company to evaluate the various City jobs to establish a pay scale. The study was completed in 1983 and Touche Ross recommended that the bandmaster salary be increased to approximately $23,000 a year. Lillehaug's raise became effective July 1983. Two months later, the City advised Lillehaug that Touche Ross' recommendation was based on the erroneous assumption that the bandmaster position was a full-time job, and that with this discovery, the City would lower the bandmaster salary to about three percent above the earlier level. Several months later the City Commission voted unanimously to reduce Lillehaug's salary and, further, to deduct from the reduced salary overpayments made in the interim when his salary was inflated by the Touche Ross miscalculation. All others whose positions were evaluated by Touche Ross remained on the new pay scale.

Lillehaug brought suit under 42 U.S.C. § 1983, challenging the constitutionality of the City Commission's action. He claimed that he possessed a property interest in remaining on the Touche Ross pay scale and that the City's unilateral reduction of his salary constituted a taking without due process. He also contended that the recoupment of earlier salary overpayments constituted a garnishment executed without due process.

The district court, ruling from the bench, concluded that as an appointive officer, Lillehaug's employment statutorily was subject to termination at will by the City Commission. As a result, Lillehaug had no property interest in his continued employment, and *a fortiori*, in any particular salary level. The court further reasoned that the Commission's recoupment action was akin to an offset against overpayments on contract, which, if improper, could adequately be remedied under state law. The court therefore dismissed Lillehaug's section 1983 claims. Lillehaug now appeals seeking reversal of the district court's dismissal and a trial on the merits.

## I.

Lillehaug disputes the district court's conclusion that he had no constitutionally protected property interest in his employment or salary level. The interest, he argues, rests on a mutually explicit understanding deriving from his request for a salary increase followed by the City's affirmative response, and from his being placed on the Touche Ross pay scale along with all other City department heads. The City, he reasons, may not infringe such a property interest without due process.

An action for deprivation without due process may be sustained only if the state infringes upon a constitutionally protected property interest. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). It is true, as Lillehaug reasons, that mutually explicit understandings may give rise to a constitutionally protected property interest. *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). The sufficiency of a claim of such an interest, however, ultimately must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

In this case the relevant City ordinances and South Dakota statute rule out

any claim of entitlement based on mutually explicit understandings. The ordinances and statute make plain that the City Commission may discharge Lillehaug by majority vote and without cause. Lillehaug thus has no property interest in his continued employment, nor in any particular term of his employment, such as the level of compensation. Therefore, the district court properly rejected Lillehaug's claim that the City reduced his salary without due process.

Lillehaug also contends that as the sole department head whose salary did not conform to the Touche Ross pay scale, he was singled out in violation of equal protection. We have considered this argument and conclude that it is without merit.

## II.

Lillehaug also challenges the district court's characterization of the City recovery of overpayment as a contract setoff actionable under state law and, therefore, not actionable under section 1983. He argues that in reducing its alleged overpayments from his salary without prior adjudication of its claim of right, the City essentially executed a garnishment against his property without due process, an unconstitutional deprivation actionable under section 1983.

■ A garnishment is an action by a creditor to obtain satisfaction of an indebtedness out of the property of the debtor in the hands of a third person. *Egland v. Neill,* 75 S.D. 361, 364, 65 N.W.2d 576, 577 (1954); 6 Am.Jur.2d *Attachment and Garnishment* § 2 (1964). The City's recovery effort involving only two parties, an employer and employee, plainly then is not a garnishment. Rather, such employer recoveries long have been challenged under contract law. *See, e.g., Hood v. Sioux Steel Co.,* 67 S.D. 1, 287 N.W. 636 (1939) (contract action brought by discharged employee challenging employer's setoff of sales commission overpayments in which court held that employer may not by way of setoff recover money voluntarily paid to employee with full knowledge of all the facts and without fraud, duress, or extortion by the employee). *See also* Annot., 88 A.L.R.2d 1437, 1450 (1963) and collected cases.

■ That one of the parties to the controversy is a governmental unit does not automatically convert a common law contract action to a section 1983 claim. As the Supreme Court explained in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), a person who brings suit under section 1983 for intentional deprivation of property in violation of constitutional due process requirements must do more than simply assert a deprivation of a protected property interest by persons acting under color of state law. The claimant also must show that the state procedures available to challenge the deprivation are inadequate and therefore do not meet due process standards. *Id.,* 104 S.Ct. at 3202–05. Lillehaug remains free to challenge the recoupment action under state contract law in state court. Therefore, the district court properly dismissed the section 1983 challenge to the City's recovery of overpayments.

We affirm the judgment of the district court.